COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


KAMA DEARBORN DAVIS

v.          Record No. 1257-94-1              OPINION
                                       BY JUDGE JOSEPH E. BAKER

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Dianne G. Ringer, Assistant Public Defender,
for appellant.

Richard H. Rizk, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Katherine P. Baldwin, Assistant Attorney General,
on brief), for appellee.


Kama Dearborn Davis (appellant) appeals from a judgment of the Circuit Court of the City of Portsmouth (trial court) that approved a jury verdict convicting him of aggravated sexual battery and forcible sodomy.  Appellant contends that the judgment must be reversed because the trial judge erroneously refused to recuse himself from presiding over the trial, and because he denied motions made during the course of the trial by appellant's trial counsel to withdraw as counsel for appellant. Finding no error, we affirm.

In this appeal, as sufficiency of the evidence to support the convictions is not at issue, we consider only the evidence relevant to recusal and counsel's professional responsibility. The record discloses that in the summer of 1985, the victim was five years old.  She lived with her mother and her seven-year-old

brother. Appellant, a friend of the victim's mother, lived with them for a period of time and baby-sat the children during their mother's absence. The victim testified that one evening that summer when her mother was not at home she and her brother watched television with appellant in the living room. After watching a movie, appellant sent the victim's brother to bed early. Appellant then changed into one of the mother's bathrobes, lay on the living room couch, and told the victim to come over and "suck" his penis. When she refused, he took hold of the back of her head with his hand and forced her mouth onto his penis. While this was occurring, the brother appeared. He stated that he needed to go to the bathroom, which was across the living room, and he testified that he saw his sister on her knees close to appellant and that appellant's penis was exposed. He then went back to bed and fell asleep.

The victim further testified that appellant forced her to place her mouth on his penis again. He ejaculated into her mouth, after which she went into the bathroom, washed out her mouth, and then went to bed. Appellant followed her to her bed, pulled up her gown and pulled down her panties and began manually "messing" with her genitals.

## I. The Recusal

Prior to trial, appellant made two separate motions requesting the trial judge to recuse himself on the ground that as a former Commonwealth Attorney he had previously prosecuted

- 2 -

appellant on criminal charges. The court denied the motion both times. On the second occasion, the trial judge stated, "I don't know this gentleman, and I don't remember him. . . . if I prosecuted him, it would have been before I took the Bench [in] February, 1991." It is clear that the trial judge had no preconceived bias against appellant. Appellant had requested that he be tried by a jury and his guilt or innocence was to be decided by that jury. The jury would not be aware of appellant's prior convictions, if any, unless appellant testified on his own behalf. No ruling by the trial court demonstrates any bias prejudicial to appellant.

Canon 3(C) of the Canons of Judicial Conduct, which guides our decision in this matter, provides:

C. Disqualification.

(a) A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(1) To this end, he should abstain from performing or taking part in any judicial act in which his personal interests are involved. He should not act in a controversy where a near relative is a party. He should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by his kinship, rank, position or influence of any party or other person.

(2) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

The requirement of this Canon is clear; a judge must diligently avoid not only impropriety but a reasonable appearance of impropriety as well.  Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion. Justus v. Commonwealth, 222 Va. 667, 673, 238 S.E.2d 905, 908 (1981), cert. denied, 455 U.S. 983 (1982).  Judges are presumed to be aware of the provisions of Canon 3, and their decisions will not be disturbed absent an abuse of that discretion.

Subsections (1) and (2) of the Canon provide that judges should abstain from presiding when either they, or a near relative, have an "interest," financial or otherwise, in the proceeding.  These subsections specify particular situations when a judge's impartiality might reasonably be called into question. While these subsections do not provide an exhaustive list, they certainly provide insight into the type of situations which give rise to a reasonable appearance of impropriety.  What is certain is that Canon 3(C) does not require a judge to recuse himself or herself and disrupt the orderly flow of the docket at the whim or unsupported suggestion of a party.

Appellant argues that Broady v. Commonwealth, 16 Va. App. 281, 429 S.E.2d 468 (1993) requires this Court to reverse his convictions because the trial judge refused to recuse himself. We disagree.  The facts in Broady are substantially different from those before us.  In addition, Broady's conviction was

reversed because of a <u>Batson</u> issue, not because of the trial judge's knowledge of the accused's prior criminal record.

In effect, appellant asks that we adopt a <u>per</u> <u>se</u> rule declaring that trial judges who as Commonwealth Attorneys previously have prosecuted an accused may not preside over the accused's trial on criminal charges. We decline to declare such rule. As stated previously, the trial judge must exercise discretion in determining whether he or she harbors bias or prejudice that might impair the judge's ability to give the defendant a fair trial. <u>Justus</u>, 222 Va. at 673, 283 S.E.2d at 908 (1981); <u>see</u> <u>also</u> <u>Terrell v. Commonwealth</u>, 12 Va. App. 285, 403 S.E.2d 387 (1991).

We find nothing in the record to show abuse of trial court discretion and further find that under the facts here, the trial judge's impartiality cannot reasonably be questioned.

## II. Counsel's Professional Responsibility

On cross-examination, appellant's public defender counsel asked the victim if she had testified at the preliminary hearing regarding the incident in the bedroom. The victim answered, "Yes." After the Commonwealth rested and the trial court overruled appellant's motion to strike based upon the insufficiency of the evidence, appellant's counsel advised the court that she had learned from another assistant public defender (Lambert) that the victim had <u>not</u> testified at the preliminary hearing regarding the incident in the bedroom. Lambert had

represented appellant in that proceeding.  Appellant's counsel then moved to withdraw, based upon the fact that the defense intended to call Lambert as a witness to impeach the credibility of the victim.  The trial court denied counsel's motion to withdraw.

In support of appellant's position that the trial court erred when it refused to permit his counsel to withdraw, appellant cites Rule 5-102(A) of the Disciplinary Rules of the Virginia Code of Professional Responsibility that provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (3).

After the trial court denied the motion to withdraw, appellant's counsel presented several witnesses, including appellant.  At trial, counsel did not argue that it would be prejudicial to appellant's defense if Lambert was not permitted to testify.  Counsel appeared to be concerned with her personal professional responsibility, not with the fact that her continued representation of appellant would be prejudicial to him.[1]  We hold that under the facts presented here, the trial court did not

_____

[1]When the trial court denied counsel's motion to withdraw, counsel responded, "Thank you, Your Honor, as long as it's on the record that I made a motion to withdraw."

erroneously refuse to permit counsel to withdraw.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>