COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


DWAYNE RONALD HARLEY

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2734-96-2       CHIEF JUDGE NORMAN K. MOON
                                             NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

           Matthew T. Paulk, Assistant Public Defender
           (David J. Johnson, Public Defender, on
           brief), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (Richard Cullen, Attorney General, on
           brief), for appellee.


     Dwayne Ronald Harley was convicted of robbery in violation

of Code § 18.2-58 and sentenced to twenty-five years in prison,

with thirteen years suspended, in a bench trial on July 7, 1995.

 In an unpublished opinion, we found that the trial court failed

to consider the presentencing report and, thus, remanded the case

for resentencing.

     Before the resentencing hearing, Harley's counsel moved the

judge to recuse himself based on his alleged statements

expressing displeasure with our decision, including an assertion

that the resentencing procedure was "a waste of taxpayers'

dollars."  The judge replied, "Well, I really think it probably

was."  He said that he had studied the case and read the

          [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

presentence report before imposing the original sentence, and he "really [did not] know how [he] really could change things."

Nevertheless, the judge assured defense counsel that he had not "made up [his] mind" regarding the sentence to be imposed, though he was "not going to raise the sentence." Furthermore, although he admitted that he was a "little upset" at our remanding the case, he noted that "no matter how I felt about this case or how mad I would get, I would not use it against [Harley]. . . . I might have been a bit disappointed [that the case was remanded], but it did not inflame my passions." The judge then denied the recusal motion.

Defense counsel noted several corrections in the presentence report and said the guidelines should be recalculated to range from two years, four months to four years, seven months. The Commonwealth argued that because Harley had unlawfully killed a man seven years earlier, and in the instant case he had beaten the victim badly to accomplish the robbery, a sentence of twenty-five years with thirteen years suspended was appropriate.

The judge noted that he was not bound by the guidelines and asserted that the circumstances of the crime and Harley's background warranted a twenty-five- to fifty-year sentence. The judge acknowledged the mitigating factors presented in the presentencing report and then again sentenced Harley to twenty-five years in prison, with thirteen years suspended.

Harley asserts that the judge abused his discretion in refusing to recuse himself from the resentencing hearing. "It is

within the trial judge's discretion to determine whether he harbors bias or prejudice which will impair his ability to give the defendant a fair trial." Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991).  The trial court's determinations will be reversed only for abuse of that discretion.  Id.

As defense counsel noted, Canon 3 (C) of the Canons of Judicial Conduct requires that "a judge must diligently avoid not only impropriety but a reasonable appearance of impropriety as well." Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996).  Nevertheless, "[e]ven when circumstances create an appearance of bias, unless the conduct of the judge is shown to have affected the outcome of the case," the court's determination will not be reversed.  Welsh v. Commonwealth, 14 Va. App. 300, 317, 416 S.E.2d 451, 461 (1992), aff'd, 246 Va. 337, 437 S.E.2d 914 (1993).

In denying Harley's recusal motion, the judge noted that he believed he did not possess any bias or prejudice and that "no matter how I felt about this case or how mad I would get, I would not use it against [Harley]."  The judge reviewed the presentencing report, listened to counsel's arguments and Harley's statement, and articulated the reasons for the length of Harley's sentence.  Based upon this record, we find that Harley failed to demonstrate that the trial judge harbored such bias or

prejudice so as to deny him a fair trial.  Accordingly, we find no abuse of discretion and affirm.

<u>Affirmed.</u>