COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


ARTHUR C. KREIGER, II
                                    MEMORANDUM OPINION[*]
v.    Record No. 2317-99-2              PER CURIAM
                                       MAY 16, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

             (Arthur C. Kreiger, II, pro se, on brief).

             No brief for appellee.


     Arthur C. Kreiger (appellant) filed a timely appeal from an

order of the Circuit Court of the City of Petersburg (trial

court), finding him in civil contempt for failing to comply with

an earlier order of the court.  Appellant contends the trial

court abused it discretion by refusing to assign a different

judge to preside over the show cause hearing.  We conclude this

appeal is without merit and summarily affirm the judgment of the

trial court.  See Rule 5A:27.

                             Background

     On November 1, 1996, the trial court, Judge James F.

D'Alton, Jr., presiding, convicted appellant of maintaining a

public nuisance and fined him $2,500.  The court suspended

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

$2,000 of that fine on the condition that appellant clean up the subject property and make certain repairs to the house on the property.  Appellant filed a timely appeal from the trial court's judgment.

On July 11, 1997, the Commonwealth filed a motion to reinstate the case on the court's active docket and requested that appellant be required to show cause why he should not be held in contempt of court for failing to comply with the court's November 1, 1996 order.  Following a July 25, 1997 hearing, the trial court continued the case.[1]

On July 25, 1997, appellant filed a warrant in debt against Judge D'Alton in Petersburg General District Court seeking ninety dollars in lost wages and thirty dollars in court costs. Appellant alleged in the warrant in debt that Judge D'Alton was negligent in requiring him to appear in court on the Commonwealth's motion to reinstate when the court did not have jurisdiction.[2]  The district court subsequently dismissed the warrant in debt, and the record does not reflect that appellant ever perfected an appeal to circuit court.

On July 30, 1999, after appellant had exhausted his appeals of the nuisance conviction to this Court and the Supreme Court

---

[1] The transcript from the July 25, 1997 hearing was not timely filed and was not considered in addressing this appeal.

[2] Appellant also filed a warrant in debt against the City Attorney, who was prosecuting the criminal action against appellant.

of Virginia, the Commonwealth again petitioned the trial court to have the matter reinstated on the court's active docket and to require appellant to show cause why his suspended fine should not be revoked due to his failure to comply with the conditions of suspension. Appellant responded with a motion requesting that "an impartial judge . . . be assigned" to the matter. On August 24, 1999, without a hearing, Judge Oliver A. Pollard, Jr., entered an order denying appellant's motion.

On August 30, 1999, following an August 27, 1999 hearing,[3] the trial court entered an order finding appellant in civil contempt for his failure to comply with the court's November 1, 1996 order and reinstating the $2,000 balance of the fine previously suspended.

## Analysis

Canon 3(E) of the Canons of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." "The requirement of this Canon is clear; a judge must diligently avoid not only impropriety but a reasonable appearance of impropriety as well." Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996). Moreover, "[j]udges are presumed to be aware of the provisions of Canon 3." Id. "[W]hether a trial judge should recuse himself or

---

[3] No transcript or statement of facts was filed for this hearing.

herself is measured by whether he or she harbors 'such bias or prejudice as would deny the defendant a fair trial,' and is a matter left to the reasonable discretion of the trial court." Welsh v. Commonwealth, 14 Va. App. 300, 315, 416 S.E.2d 451, 459-60 (1992) (citations omitted), aff'd, 246 Va. 337, 437 S.E.2d 914 (1993).

In his motion seeking the assignment of a new judge to his case, appellant asserted that his "rights to counsel, evidence and proper procedures" were violated by Judge D'Alton. But appellant did not specify how the trial judge had allegedly violated these rights. Moreover, the lawsuit appellant filed against the trial judge had been dismissed two years previously. Appellant simply failed to state sufficient grounds justifying the trial court in assigning a new judge. Accordingly, there was no abuse of discretion in denying appellant's motion.[4]

Affirmed.

---

[4] In his opening brief, appellant asserts that Judge D'Alton was unduly influenced by the City Attorney and that the judge was biased against him because appellant had prevailed in an appeal to circuit court in a case where Judge D'Alton had presided over the case in general district court. Appellant did not present these arguments in his original motion, and we will not consider them for the first time on appeal. See Rule 5A:18.

We question why a judge other than the challenged judge decided this motion without a hearing. Appellant did not question this aspect of the court's ruling, and we will not address it sua sponte.

- 4 -