COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


RANDY WARREN JEFFERSON

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 2797-99-1           JUDGE G. STEVEN AGEE
                                          MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John C. Morrison, Jr., Judge

            Michelle J. Harris (Abrons, Fasanaro &
            Sceviour, P.L.L.C., on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


      The appellant, Randy Warren Jefferson, was convicted of

possession of cocaine with intent to distribute, possession of

heroin with intent to distribute, possession of a firearm while

in possession of cocaine and possession of a firearm by a

convicted felon.  On appeal, he argues the trial court committed

reversible error in denying his motion for a new trial because

the trial judge had once represented the appellant.  We disagree

and affirm the convictions.

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

The appellant was convicted of the hereinabove recited charges at a bench trial.

At the sentencing hearing three months later, the appellant moved for a new trial, alleging the trial judge had represented him in 1977 on a grand larceny charge, but he provided no proof of that fact. The appellant had not given his attorney this information until a few weeks before the sentencing hearing. The appellant's sole argument was "perhaps the Court would be prejudiced" against him because of their past association.

The trial judge responded:

> I have absolutely no recollection of this man. I have no idea what my representation was, what the nature of the charge was, and didn't at the time the case was tried . . . . [I]f I had any recollection whatsoever of him or any feeling that I had for him or against him or anything of that sort, then I may have considered it; but at this juncture, it's too little too late . . . . I made a judgment in the case without any knowledge about him or memory of him whatsoever, and I find that there is no prejudice or even appearance of impropriety . . . .

The sentencing guidelines for the appellant ranged from six years, six months to ten years, nine months. The Commonwealth's attorney noted at the sentencing hearing that the appellant had an extensive criminal record, having been convicted of ten felonies, forty-five misdemeanors and three criminal traffic offenses. Furthermore, he had been incarcerated four times with

-

sentences over one year and thirty-two times for sentences of less than one year.  The appellant received a ten-year sentence.

The appellant appears to argue on appeal that the trial judge's unrecalled representation of the appellant 22 years earlier should in and of itself require a new trial.  Further the appellant argues his sentence, although within the applicable sentencing guidelines, is proof of bias by the trial judge.

### Analysis

"[T]he trial judge must exercise discretion in determining whether he or she harbors bias or prejudice that might impair the judge's ability to give the defendant a fair trial."  Davis v. Commonwealth, 21 Va. App. 587, 592, 466 S.E.2d 741, 743 (1996) (citations omitted).

In this case, as in Davis, the trial judge had no recollection of the appellant or his alleged prior representation of him.  Further, the appellant did not remember the judge until after trial and before sentencing.  The record clearly reflects that the trial judge held no bias or prejudice toward the appellant and, therefore, did not abuse his discretion in refusing to recuse himself.  The trial court did not err in refusing to grant the motion for a new trial.

The appellant's argument regarding his sentence being at the upper end of the applicable sentencing guidelines is without merit.  The sentences imposed were well within the statutory

-

penalty ranges for the offenses.  See Code §§ 18.2-248(C),
18.2-308.2, 18.2-308.4(B).  Where the trial court imposes a
sentence falling within the limits set by the legislature, no
abuse of discretion occurs and the court's decision should not
be overturned on appeal.  See Abdo v. Commonwealth, 218 Va. 473,
479, 237 S.E.2d 900, 903 (1977); Robinson v. Commonwealth, 13
Va. App. 540, 542, 413 S.E.2d 661, 662 (1992).

The appellant's convictions are affirmed.

Affirmed.

-

Benton, J., concurring.

In pertinent part, the Cannons of Judicial Conduct for the Commonwealth of Virginia provide that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) The judge has a personal bias or prejudice concerning a party."  Canon 3(E)(1)(a).  In addition, we have held as follows:

> As a constitutional matter, due process considerations mandate recusal only where the judge has "a direct, personal, substantial, pecuniary interest" in the outcome of a case.  While bias may be so pervasive as to offend due process, "only in the most extreme of cases would disqualification on this basis be constitutionally required."  In fact, "matters of kinship, personal bias, state policy, [and] remoteness of interest, would seem generally to be matters merely of legislative discretion."  In Virginia, whether a trial judge should recuse himself or herself is measured by whether he or she harbors "such bias or prejudice as would deny the defendant a fair trial," and is a matter left to the reasonable discretion of the trial court.

Welsh v. Commonwealth, 14 Va. App. 300, 314-15, 416 S.E.2d 451, 459-60 (1992) (citations omitted).

The record establishes that the trial judge convicted Randy Warren Jefferson at a bench trial on August 30, 1999.  The motion for recusal was made orally at the sentencing hearing on November 23, 1999.  At that time, Jefferson's counsel represented to the trial judge that Jefferson informed her on

-

November 2, 1999 of his recollection that the trial judge had represented Jefferson in a criminal matter in 1977. The trial judge did not have an independent recollection of Jefferson or of the prior representation.

I would hold that the oral motion was insufficient to establish partiality and was untimely. Clearly, under appropriate circumstances evidence might reasonably establish that an attorney's appraisal of his client during the course of the attorney-client relationship may be such as to cause the attorney, who later becomes a judge, to harbor personal bias against the client. Jefferson's claim in this case, however, relies on a mere allegation that the judge would be biased against him solely because of the alleged prior representation. I believe that the motion was legally insufficient because it lacked an adequate factual basis. The mere existence of the prior representation is not _ipso_ _facto_ evidence of partiality. See _Grimes v. State_, 366 N.E.2d 639, 642 (Ind. 1977). The judge stated on the record that he did not recall the representation. Moreover, the cursory information Jefferson's counsel orally provided the judge about the representation alleged no circumstances that would suggest impartiality and, therefore, was insufficient.

I also believe Jefferson's motion for a retrial was not timely. Although Jefferson was in the presence of the judge during the bench trial, he disclosed the allegation to his

-

counsel only after the judge had convicted him.  Jefferson's counsel waited another three weeks after Jefferson's disclosure until the sentencing hearing to notify the trial judge.  No explanation was given for the delay.

At the very least, Jefferson could have alerted the trial judge and the prosecutor of this allegation by written motion as soon as the problem became apparent.  In that manner, the trial judge could have researched the allegation to determine its accuracy.  As it was, the motion was made orally at the sentencing hearing, almost ninety days after the finding of guilt and without factual support.  See Akers v. Commonwealth, 155 Va. 1046, 1053, 156 S.E. 763, 765 (1931) (holding that an objection to the trial judge's sitting on the case made "after one continuance, bail and an adverse verdict came too late").  The timing appears to be an attempt by Jefferson to shop for another judge after his conviction in the hope of gaining a more favorable outcome.

For these reasons, I concur in affirming the convictions.

-