COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


TIMOTHY MICHAEL PRICE

MEMORANDUM OPINION[*] BY
v.   Record No. 2643-01-1    JUDGE WALTER S. FELTON, JR.
OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Michael D. Kmetz (Jones, Kmetz & Malone,
P.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Timothy Price appeals the revocation of his probation.  He

contends that the trial judge erred in not recusing himself from

the case because he was the Commonwealth's Attorney when the crime

was committed and when Price entered the plea agreement with the

Commonwealth.  See Canons of Judicial Conduct Canon 3(E)(1).  We

affirm the judgment of the trial court.

## I.   BACKGROUND

On December 1, 1999, Timothy Price was indicted for (1)

burglary, in violation of Code § 18.2-89, (2) conspiracy to

commit larceny, in violation of Code § 18.2-22, and (3) grand

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

larceny, in violation of Code § 18.2-95.  On January 20, 2000, Price, his attorney, and deputy Commonwealth's attorney Phillip G. Evans entered into a plea agreement.  The plea agreement provided that Price would plead guilty to the burglary and grand larceny charges and the Commonwealth would nolle prosequi the conspiracy to commit larceny charge.  Additionally, the agreement provided that the court obtain a pre-sentence report and then sentence Price within the sentencing guidelines.[1]  Price subsequently pled guilty, and a pre-sentence report was ordered.

On March 17, 2000, Price appeared before the trial court for a pre-sentencing hearing.  The court ordered him committed to the Department of Corrections for a period not to exceed sixty days, for evaluation and diagnosis to determine his suitability for participation in the Boot Camp Incarceration Program, the Diversion Center Incarceration Program, or the Southampton Detention Incarceration Program.  On June 22, 2000, the court sentenced Price to five years in prison for burglary and five years in prison for grand larceny.  All ten years were suspended, and he was placed on probation.  The court also granted the Commonwealth's nolle prosequi motion.[2]

---

[1] The record is silent as to what active role, if any, Charles D. Griffith, the Commonwealth's Attorney at the time, took in this case.

[2] The sentencing order reflects that the Commonwealth was represented by Calvin R. Depew or his designee for this sentencing proceeding.

On June 13, 2001, the trial court issued a capias for Price's arrest at the request of his probation officer, Samantha Foster, for probation violations. On August 3, 2001, a probation violation hearing was held. Prior to the initiation of the proceeding, Price's attorney asked that Judge Charles Griffith recuse himself. The following colloquy ensued:

> MR. KMETZ [Price's attorney]: [W]ith all due respect to the Court, on the probation violation summary you are listed as the Commonwealth's attorney at the sentencing, and at the very least, I think there is an appearance of impropriety in you hearing the probation hearing report. At this time I would ask that the case be transferred to another court or continued to another date for another judge of this court to hear the violation.

> THE COURT [Judge Griffith]: All right. Okay. I've gotten an opinion from the Judicial Inquiry Review Commission regarding probation violations, and they advised me that the critical factor for the Court to consider whether or not I should or shouldn't because of my time as Commonwealth's attorney and recuse myself on a case has to do with the time which would have triggered the violation, not the time of which violated the probation. In this particular case, that probation didn't commence until after I assumed my position as a judge. In fact this particular probation violation summary incorrectly stated that I was Commonwealth's attorney, so I'm going to deny that motion.

> MR. KMETZ: Just note our objection for the record.

> THE COURT: Okay. Yes, sir.

> MS. FINK [Commonwealth's attorney]: Judge, for purposes of this hearing I would like to

-

>     move for admission of the probation
>     violation summary prepared by Samantha
>     Foster with the date of June 27th, 2001,
>     with the correction that the Court just
>     mentioned.
>
>     THE COURT:  I'll make that amendment.
>
>              *   *   *   *   *   *   *
>
>     THE COURT:  Any objection to the violation
>     report being received in evidence?
>
>     MR. KMETZ:  No, Judge.

The hearing proceeded, and the court revoked Price's probation.

It imposed the ten years imprisonment that was previously

suspended.

## II.  ANALYSIS

Price contends on appeal that the trial judge erred in not

recusing himself from the case because he was the Commonwealth's

Attorney when the crime was committed and when he and the

Commonwealth entered into the plea agreement.  Price argues that

at the very least there was an appearance of impropriety at the

time the probation violation hearing occurred, and Judge

Griffith should have recused himself.  We disagree.

Canon 3(E)(1) states in pertinent part:

>     E.  Disqualification.
>
>         (1) A judge shall disqualify himself or
>         herself in a proceeding in which the
>         judge's impartiality might reasonably
>         be questioned, including but not
>         limited to instances where:
>
>             (a) The judge has a personal bias
>             or prejudice concerning a party or
>             a party's lawyer, or personal

-

knowledge of disputed evidentiary
facts concerning the proceeding;

(b) The judge served as a lawyer
in the matter in controversy, or a
lawyer with whom the judge
previously practiced law served
during such association as a
lawyer concerning the matter, or
the judge has been a material
witness concerning it; . . . .

It is well settled that a judge must "diligently avoid not only impropriety but a reasonable appearance of impropriety as well. Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion." Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996) (holding no error where trial judge refused to recuse himself in case where, as Commonwealth's Attorney, he had previously prosecuted the defendant on another matter). "A trial judge must exercise reasonable discretion to determine whether he possesses such bias or prejudice as would deny the defendant a fair trial [or hearing]." Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981).

We cannot say on the record of this case that there was an abuse of judicial discretion by Judge Griffith or that he harbored a bias or prejudice against Price. At trial, Price premised his recusal request solely on the basis that the probation violation summary listed Judge Griffith as the Commonwealth's Attorney at his June 22, 2000 sentencing. Judge Griffith noted that he had

-

assumed his position on the bench before Price was sentenced to probation and that the probation violation summary was incorrect. Subsequently, the probation violation summary was amended to reflect the correct Commonwealth's Attorney, and it was admitted into evidence without objection. In United States v. Gipson, 835 F.2d 1323 (10th Cir. 1988), the Tenth Circuit held that the mere fact that a judge was the "United States Attorney at the time when, and in the district where, defendant's first prosecution took place," did not mandate his recusal.[3] Even if the circumstances created an appearance of bias, "unless the conduct of the judge is shown to have affected the outcome of the case, the conviction will not be reversed, even though the judge may have infringed an ethical duty imposed by Canons of Judicial Conduct." Welsh v. Commonwealth, 14 Va. App. 300, 317, 416 S.E.2d 451, 459-60 (1992).

---

[3] In Gipson, the court interpreted a federal statute relating to disqualification of a judge who had previously served as a United States Attorney [28 U.S.C. § 455]. The court stated,

> [I]n our opinion, before the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel. Mandatory disqualification then is restricted to those cases in which a judge had previously taken a part, albeit small, in the investigation, preparation or prosecution of a case.

Id. at 1326.

-

Absent any showing of actual bias or judicial prejudice by the trial judge in the record before us, we find no abuse of discretion in his failing to recuse himself from presiding over the revocation proceedings.  See Scott v. Rutherford, 30 Va. App. 176, 189, 516 S.E.2d 225, 232 (1999); Motley v. Virginia State Bar, 260 Va. 251, 261-62, 536 S.E.2d 101, 106 (2000).

The judgment of the trial court is affirmed.

Affirmed.

-