COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Felton and Senior Judge Coleman
Argued at Richmond, Virginia


LEROY CLINTEN MORRIS

                                              MEMORANDUM OPINION* BY
v.      Record No. 3071-02-2               JUDGE WALTER S. FELTON, JR.
                                                   MARCH 2, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENE COUNTY
Daniel R. Bouton, Judge

Stephen C. Harris for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


Leroy C. Morris appeals his convictions of felony hit and run, driving in violation of a

license restriction, and driving under the influence of alcohol, second offense.  Morris contends that

the convictions should be reversed because the trial judge, formerly a Commonwealth's Attorney,

erroneously refused to recuse himself from presiding over the trial, having formerly prosecuted

Morris on three separate occasions.  Absent proof of actual bias, we find no abuse of discretion by

the trial court, and affirm its judgment.

BACKGROUND

On February 11, 2002, Morris was charged with felony hit and run in violation of Code

§ 46.2-894; operating a vehicle in violation of a license restriction imposed pursuant to Code

§ 18.2-271.1 and in violation of Code § 18.2-172; and operating a motor vehicle while under the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

influence of alcohol, second offense within five years, in violation of Code § 18.2-266. On August 27, 2002, Morris entered pleas of not guilty, and was tried by a jury.

On the day of trial, Morris requested the trial judge recuse himself because he had, before becoming a judge, prosecuted Morris on three different occasions. On July 22, 1994 while serving as Commonwealth's Attorney for Greene County, the trial judge prosecuted Morris for assault and battery. On July 31, 1996, he prosecuted Morris on two charges of recklessly handling a firearm so as to endanger life, limb or property. Finally on March 4, 1997, he again prosecuted Morris for assault and battery. On each of these occasions Morris was convicted. Counsel for Morris proffered that each of these cases involved "intemperate use of alcohol," as did the current case before the trial court.

The trial judge stated on the record that he had "absolutely no recollection of the cases." He further stated that he had "no doubt whatsoever, that [the trial court] can be completely impartial when it comes to Mr. Morris." Asserting that he had no difficulty handling Morris' alcohol abuse problem in a completely fair and impartial way, the trial court denied Morris' motion to recuse. The jury subsequently found Morris guilty on all three charges.

ANALYSIS

Morris contends that Canon 3(E)(1)(b) of the Canons of Judicial Conduct required the trial judge to recuse himself. He argues that the standard before the trial court was not whether the trial judge remembered Morris, but whether it was reasonable to question the trial judge's impartiality when he had, on three previous occasions, prosecuted Morris on charges that arose from the same kind of behavior.

Canon 3(E)(1) states in pertinent part:

Disqualification.

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (b) The judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it; . . . .

However, "[a] purported violation of the Canons alone is not enough to mandate recusal." Commonwealth v. Jackson, 267 Va. 226, __ S.E.2d __ (2004) (citing Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996)); see Welsh v. Commonwealth, 14 Va. App. 300, 317, 416 S.E.2d 451, 461 (1992), aff'd, 246 Va. 337, 437 S.E.2d 914 (1993).

In Davis, we held that the trial judge did not err in refusing to recuse himself in a case where, as Commonwealth's Attorney, he had previously prosecuted the defendant on another matter. Davis, 21 Va. App. at 591, 466 S.E.2d at 743; see also Motley v. Virginia State Bar, 260 Va. 251, 262, 536 S.E.2d 101, 106 (2000) (holding two members of the Disciplinary Board who had heard previous charges and who refused to recuse themselves, did not abuse their discretion).

In Jackson, the Supreme Court addressed the proper standard to be applied where a defendant demands that the trial judge recuse himself based on a suggested violation of the Canons of Judicial Conduct. There, the defendant requested that the trial judge recuse himself from hearing his revocation proceeding, as he had been the Commonwealth's Attorney for the City of Norfolk at the time he was prosecuted for the offense that was the subject of the revocation proceeding. The trial judge refused to recuse himself and, after hearing evidence, revoked the defendant's suspended sentence. The Supreme Court held that "[i]n the absence of proof of actual bias, recusal is properly within the discretion of the trial judge." Jackson, 267 Va. at 229, __ S.E.2d at __ (citing

Justus v. Commonwealth, 222 Va. 667, 673, 674, 283 S.E.2d 905, 908 (1981), cert. denied, 455 U.S. 983 (1982)). Absent an abuse of that discretion, we will not disturb a trial judge's decision on whether to recuse himself. Davis, 21 Va. App. at 591, 466 S.E.2d at 743.

Here, the trial judge did not abuse his discretion in refusing to recuse himself. The record of the trial does not demonstrate that the trial judge acted in a biased or prejudicial manner toward Morris during his trial. In response to Morris' motion to recuse, the trial judge stated he had no recollection of Morris' prior cases. He further stated that, after prosecuting thousands of cases as Commonwealth's Attorney over more than sixteen years, without an assistant prosecutor, it was "extremely difficult, if not impossible, to recall the details of specific cases without a reference point other than what's been brought to my attention." The record reflects that the most recent conviction occurred some five years before the present case. The trial judge unequivocally stated that "the court had no doubt whatsoever that it can be completely impartial when it comes to Mr. Morris." There is nothing in the record to suggest that the trial court harbored any bias or prejudice against Morris from his prior encounters with him when he was Commonwealth's Attorney.

Morris contended that his intemperate use of alcohol provided a common thread between his prior convictions and the case before the trial court. The trial judge stated that it was "mindful of addiction problems, substance abuse problems and has always tried to make each and every judicial decision, be it as referee during a jury trial or be it as the trier of fact, with a degree of objectivity, understanding, compassion and fairness when it comes to substance abuse problems." Nothing in the record suggests that, during the course of the trial, the trial court exhibited bias or prejudice toward Morris because of his alcohol problems.

Even if the circumstances created an appearance of possible bias or prejudice, "unless the conduct of the judge is shown to have affected the outcome of the case, the conviction will not

- 4 -

be reversed, even though the judge may have infringed an ethical duty imposed by Canons of Judicial Conduct." Welsh, 14 Va. App. at 317, 416 S.E.2d at 459-60. Here, there was no showing that the trial judge's previous encounters with Morris, while the trial judge was Commonwealth's Attorney, resulted in any bias or prejudice against Morris, nor adversely affected the proceedings during the jury trial. Acting as the trier of fact, the jury, not the trial judge, concluded the evidence was sufficient to find Morris guilty beyond a reasonable doubt of each of the offenses for which he was tried.

Absent any showing of actual bias or prejudice by the trial judge in the record before us, we find no abuse of discretion in his failing to recuse himself from presiding over the jury trial, which resulted in Morris' convictions. See Jackson, 267 Va. at 229, __ S.E.2d at __; Motley, 260 Va. at 261-62, 536 S.E.2d at 106; see also Davis, 21 Va. App. at 591, 466 S.E.2d at 743.

The judgment of the trial court is affirmed.

Affirmed.