COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


VICTOR ALAN MOTLEY, SR.

                                                        MEMORANDUM OPINION*
v.        Record No. 2551-06-2                                PER CURIAM
                                                           APRIL 3, 2007
CHARLENE BYRD MOTLEY


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Catherine C. Hammond, Judge

            (Victor Alan Motley, Sr., *pro se*, on brief).

            No brief for appellee.


        Victor Alan Motley, Sr. (husband) appeals the trial court's final decree granting Charlene

Byrd Motley (wife) a divorce based upon the parties having lived separate and apart, continuously

and uninterrupted, without any cohabitation, for a period of more than one year, and adjudicating

issues of child support and equitable distribution.  Husband contends:  (1) the trial court was without

jurisdiction to enter a final divorce decree pursuant to Code § 20-91(9)(a), where the parties

separated March 5, 2005 and wife filed her bill of complaint on August 26, 2005; (2) he was denied

due process of law when the trial court (A) denied his motion for a continuance after allowing wife

to amend her bill of complaint, (B) allowed an expert witness to testify in violation of the pretrial

order without notice to husband, (C) did not inquire into the legality of why a witness did not accept

service of a subpoena *duces tecum*, and (D) awarded custody and child support to wife pursuant to a

hearing that was held without jurisdiction, without legal notice, and in violation of the public policy

contained in Code § 20-109.1; (3) he was denied equal protection of the law when, for purposes of

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

distribution, wife's retirement plan was valued as of June 30, 2004, but the marital home was valued as of May 1, 2006; (4) with respect to the parties' residence, the fair market value as assessed by Code § 58.1-3201 was more authoritative than the appraisal made by a licensed real estate appraiser, when such appraisal was not introduced into evidence and made a part of the record; (5) the trial court erred in determining the equitable distribution award percentage as prescribed in Code § 20-107.3(E)(2); (6) the trial court erred in appointing a special commissioner; and (7) the trial judge erred in not recusing herself. Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the trial court's decision in part. See Rule 5A:27. We also dismiss the appeal in part due to husband's failure to comply with certain Rules of Court.

## I. Jurisdiction

The parties married on March 14, 1987. Two children were born to the parties during the marriage, a son on May 13, 1988, and a daughter on April 15, 1990.

On August 26, 2005, wife filed a bill of complaint asking that she be "awarded a final decree of divorce on the ground that the parties have lived separate and apart without any cohabitation and without any interruption for a period of more than one year." The bill of complaint alleged the parties separated on June 1, 2002, with the intent to discontinue permanently the marital relationship, although they continued to reside in the same dwelling for financial reasons. The bill of complaint further alleged that they continued to live separate and apart thereafter and that they entered into a separation agreement dated December 29, 2004. The bill of complaint indicated wife eventually moved out of the parties' residence on March 1, 2005. Wife's move-out date was confirmed at the May 1, 2006 trial by Angela Coleman who testified she helped wife move out of the parties' residence on March 1, 2005.

On the day of trial, because the bill of complaint alleged two separation dates, wife moved pursuant to Code § 20-121.01, to "make it clear the separation date now is going to be based on March 2005." Husband objected, stating "the documents were filed prematurely" because when there are children involved, the parties must be separated for one year, and the year had not expired at the time the bill of complaint was filed in August 2005. Thus, husband asserted, the trial court did not have jurisdiction. The trial court overruled husband's objection and allowed the amendment. Husband moved for a continuance, which the trial court denied.

On appeal, husband argues the corroborated evidence did not support the final decree that the parties had lived separate and apart without cohabitation and without interruption for one year at the time wife filed her bill of complaint. He contends the one-year separation is jurisdictional and must occur prior to the filing of the bill of complaint and that without jurisdiction, the trial court was without authority to grant a final decree of divorce. He further argues that without jurisdiction of the original bill of complaint, the trial court lacked authority to allow the amendment, that the amendment was made in violation of Rule 1:8, and that the amendment was not pled pursuant to or within the scope of Code § 20-121.02. We disagree.

Code § 20-91 provides, in pertinent part:

> A. A divorce from the bond of matrimony may be decreed:
>
> \* \* \* \* \* \* \*
>
> (9)(a) On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year. In any case where the parties have entered into a separation agreement and there are no minor children either born of the parties, born of either party and adopted by the other or adopted by both parties, a divorce may be decreed on application if and when the husband and wife have lived separately and apart without cohabitation and without interruption for six months. . . .

Code § 20-121.02 provides:

> In any divorce suit wherein a bill of complaint or cross-bill prays for a divorce from the bonds of matrimony under § 20-91 or prays for a divorce from bed and board under § 20-95, at such time as there exists in either party's favor grounds for a divorce from the bonds of matrimony under § 20-91(9), either party may move the court wherein such divorce suit is pending for a divorce from the bonds of matrimony on the grounds set out in § 20-91(9) without amending the bill of complaint or cross-bill.

Nothing in either code section requires that the one-year separation period must occur prior to the filing of the bill of complaint in order for the trial court to have jurisdiction to enter a final decree of divorce. The statute merely provides that a trial court may decree a divorce "if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year." Here, when the trial court entered the final decree awarding wife a divorce on June 5, 2006, the one-year separation period had occurred. Moreover, Code § 20-121.02 supports the trial court's ruling allowing wife to amend her bill of complaint to reflect the March 5, 2005 date as the date of separation. Furthermore, we find no prejudice to husband in the trial court allowing the amendment as husband was already on notice of the March 5, 2005 date — the original bill of complaint referred to it as the date wife moved out of the marital residence.

## II. Due Process Issues

### (A) Denial of Husband's Motion for Continuance upon Amendment of Bill of Complaint

Husband argues that the trial judge denied him due process by allowing wife to amend her bill of complaint on the day of trial without notice to husband and over his objection, and without granting him a continuance.

When an accused claims a due process violation, "[w]e are to determine only whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base

of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'" United States v. Lovesco, 431 U.S. 783, 790 (1977) (citations omitted).

To establish a claim for violation of due process, husband must show that the procedure he complains of deprived him of "a liberty or property interest." Jackson v. W., 14 Va. App. 391, 406, 419 S.E.2d 385, 393 (1992). To make this showing, husband had to offer "more than undeveloped assertions that the requested [procedure] would be beneficial . . . ." Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985). As a general rule, when a party claims a due process violation, courts "require a showing of identifiable prejudice" to that party. Estes v. Texas, 381 U.S. 532, 542 (1965).

Here, no such prejudice existed. The bill of complaint filed on August 24, 2005 alleged both separation dates — June 1, 2002, as the date the parties separated with the intent to discontinue permanently the marital relationship (although they continued to reside in the same dwelling for financial reasons), and March 5, 2005, the date wife moved out of the marital residence. Thus, the bill of complaint placed husband on notice of both dates and of the nature and character of wife's claim. Husband makes no argument as to how he was prejudiced by the amendment or the denial of his continuance motion nor does the record show any prejudice. Accordingly, we find no merit in this argument.

(B) Allowance of Expert Witness Testimony in Violation of PreTrial Order,
Without Notice to Husband

Husband argues he was denied due process when an expert witness, whose discovery was made outside the pretrial order deadlines and whose information was not included in wife's exhibit list, was allowed to testify without notice to husband.

In his question presented, husband references his "Objections to the Proposed Final Decree" in designating the place he preserved this issue in the record. However, that list of objections does not indicate where husband raised and argued this issue at trial.

Husband's opening brief "shall contain . . . [a] statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." Rule 5A:20(c). "Questions 'unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Kane v. Szymczak, 41 Va. App. 365, 370, 585 S.E.2d 349, 352 (2003) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)); see also Rule 5A:20(e).

It is not the function of the appellate court "to comb through the record in order to ferret-out for ourselves the validity of these claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). Husband did not comply with Rule 5A:20(c), and therefore, we dismiss this question.

Furthermore, "[a]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Here, husband did not file the complete transcript of the May 1, 2006 trial. The eleven and one-half page portion of the transcript filed by husband contains only some preliminary argument regarding the amendment of the bill of complaint and the subpoena *duces tecum*, and the testimony of Angela Coleman. We do not have a transcript of the expert's testimony, any objection or argument husband may have made at the time such testimony was offered, or the

trial court's ruling at that time. Moreover, the written statement of facts does not contain a summary of the expert's testimony nor any indication as to whether husband objected at the time the expert witness testified and, if so, whether husband made the same argument then that he now asserts on appeal. Therefore, we cannot determine from this record whether husband preserved this question for appellate review. The fact that husband may have filed objections to the final decree after the May 1, 2006 trial is not sufficient to show whether he timely objected when the evidence was offered at trial.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998); see also Rule 5A:18. "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). Because we cannot determine from this record whether husband timely objected to the expert's testimony based on the same argument he now raises on appeal, we decline to address this question. See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

### (C)  Trial Court's Failure to Inquire Why Witness did not Accept Service of Subpoena *Duces Tecum*

Husband asserts he issued a subpoena *duces tecum* to T. Britt Price, Administratrix of the approximately $650,000 estate of Marie Britt, of which wife was a beneficiary. Husband alleges

Price refused to accept service of the subpoena *duces tecum* because she lived in Washington, D.C., outside the jurisdiction of the trial court. Husband argues the trial court denied him due process by not addressing the issue of Price's duty to honor the subpoena *duces tecum*. Husband contends he was denied the right to challenge wife's uncorroborated testimony when the subpoenaed witness' material information was not provided and when an e-mail indicated wife's intent to conceal the distributions made to her from the estate.

The small portion of the transcript filed by husband shows the following colloquy took place prior to trial regarding this issue:

> MR. MOTLEY: Well, also, this Ms. Britt Price. Again, I had a gentleman who tried to subpoena her, and he claims that he couldn't get in touch with her through phone call. I even talked to her on the phone. But she was concerned stating that she didn't think Richmond had jurisdiction to subpoena information from her in Washington D.C. And you know, to my knowledge, she couldn't be made to come here, but I thought we could subpoena that information.
>
> THE COURT: Right. Well, I mean, the question now, Mr. Motley, is whether you can get your evidence in.
>
> MR. MOTLEY: Well, I don't have the evidence –
>
> THE COURT: Right.
>
> MR. MOTLEY: -- without the subpoena.
>
> THE COURT: Well, the choices are to either move for a continuance or to work around their absence.
>
> MR. MOTLEY: We would have to get a continuance then. I think the information would be very important.
>
> THE COURT: What is it?
>
> MR. MOTLEY: Some information regarding an estate inheritance that Ms. Motley received.
>
> THE COURT: Well, what I'll do is, when you examine the plaintiff, ask her about that.
>
> MR. MOTLEY: Okay.

THE COURT: And then if I can't determine what weight and value the evidence that you proffer about the estate is, then I'll carry the case over to allow you to add that at another date.

MR. MOTLEY: That would be fine.

Thus, the portion of the May 1, 2006 transcript filed by husband shows he agreed to the process suggested by the trial court. Because husband failed to file the remainder of the trial transcript, we cannot determine what occurred after he examined wife, nor can we discern from the written statement of facts whether husband raised this issue again at the time of wife's testimony or whether he proffered the disputed evidence. Again, any objections with respect to evidentiary issues filed by husband after the May 1, 2006 trial would not be timely made. See Rule 5A:18. Therefore, because we cannot determine from this record whether husband preserved this question for appellate review, we decline to address it. See id.; Justis, 202 Va. at 632, 432 S.E.2d at 256.

(D) Award of Child Support and Custody Without Jurisdiction, Without Notice,
and in Violation of Public Policy Contained in Code § 20-109.1

Husband asserts the trial court lacked jurisdiction to award wife custody and child support, that he was denied due process of law when he received no proper notice of a motion for *pendente lite* relief, and that the award of custody and child support violated public policy as set forth in Code § 20-109.1 because the parties had entered into a fully integrated separation agreement which the bill of complaint had asked to be incorporated into the final decree.

Again, husband references the "Objections to the Proposed Final Decree" he filed on May 23, 2006 — after the May 1, 2006 trial — as the place he preserved this issue for appellate review. Husband also references various motions he filed, a uniform appraisal report, a fax cover memo, a page of the May 1, 2006 transcript unrelated to this issue, an e-mail between wife and her sister, and an affidavit of service. However, as previously stated, husband's list of objections does not indicate where he argued this issue before the trial nor do the other items

- 9 -

referenced by husband show where, if at all, he raised these precise arguments before the trial court and obtained a ruling from it. We will not comb through the record to correct deficiencies in husband's brief. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239; see also Fitzgerald, 6 Va. App. at 56 n.7, 366 S.E.2d at 625 n.7. Therefore, because this question is unsupported by an appropriate citation to the record showing where it was raised, argued, and ruled upon by the trial court, this question does not merit appellate consideration, and we must dismiss it. See Kane, 41 Va. App. at 370, 585 S.E.2d at 352; see also Rule 5A:20(c).

### III. Equal Protection

Husband argues he was denied equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution because the jointly owned marital home was valued as of the date of the trial, May 1, 2006, a different date than that used to value wife's retirement account. In his "Analysis" with respect to this question, husband cites no legal authority and makes no specific argument as to how or why the valuation dates operate to his detriment or deny him equal protection of the law.

Husband has the burden of showing reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Furthermore, this Court "will not search the record for errors in order to interpret husband's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [husband's] claims." Fitzgerald, 6 Va. App. at 56 n.7, 366 S.E.2d at 625 n.7.

Here, husband did not comply with Rule 5A:20(e); his brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop his

- 10 -

argument.  Thus, we dismiss as to this issue.  Theisman v. Theisman, 22 Va. App. 557, 572, 471

S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

### IV.  Fair Market Value vs. Real Estate Appraiser's Opinion Regarding Value of 8209 Diane Lane Residence

Husband argues the trial court did not follow the directives of Code § 20-107.3 and that

even if it did, the record contains no evidence of the value of the Diane Lane residence.

Therefore, because judicial notice is to be taken of the laws of the Commonwealth, the best

evidence of the value of that property is its assessed value pursuant to Code § 58.1-3201.

Contrary to husband's argument, the trial court's May 3, 2006 opinion letter indicates the

court considered all the factors in Code § 20-107.3, stating:

> There was some conflict about the value of the residence because
> the appraisal was a "drive by" appraisal, but the witness testified
> that he used comparable sales.  Mr. Motley argued the tax
> assessment value be adopted.  The court accepts the appraised
> value of $349,500.00, less mortgage debt of $176,599.00 (PX3) or
> $169,901.00.

The trial court, as fact finder, was entitled to accept the appraiser's value of the residence

over the tax assessment value.  Because credible evidence supports the trial court's valuation of

the property, we find no abuse of discretion in this regard.[1]

### V.  Equitable Distribution Award Percentage

Husband argues the trial court failed to follow the directives contained in Code

§ 20-107.3 in establishing the value of the Diane Lane residence.  He argues the trial court did

not consider the factors set forth in Code § 20-107.3(E)(2) to determine a proper monetary

award.  He alleges that the final decree contains no evidence of the established value of the

Diane Lane property nor a monetary award, but rather merely states "List 8209 Diane Ln. for

---

[1] We note that because husband failed to file a complete transcript of the May 1, 2006 trial and because the written statement of facts does not contain a summary of the evidence taken on this issue, we are not able to review the appraiser's testimony.

- 11 -

sale . . . and divide the proceeds equally." He argues that such a finding dodges the mandate of Code § 20-107.3, rewarding wife for her abandonment, without just cause, and penalizing husband for preserving the asset.

Husband's citations to the record and appendix do not show husband made these precise arguments before the trial court, or if he did, where the trial court ruled on them. Accordingly, we decline to address this question on appeal. Fitzgerald, 6 Va. App. at 56 n.7, 366 S.E.2d at 625 n.7; see also Rule 5A:20(c); Rule 5A:18.

### VI. Appointment of Special Commissioner

Husband argues there was no authority for the trial court to appoint a special commissioner in this case. He asserts that the appointment operated as a conveyance of jointly owned real estate in violation of Lowe v. Lowe, 233 Va. 431, 357 S.E.2d 31 (1987). He further argues that the trial court's appointing wife's counsel as special commissioner created a conflict of interest. Thus, husband asserts that the appointment of the special commissioner took the rights and destiny of the property out of the parties' control and placed it into the hands of someone with "conflicting/disloyal interest" as the special commissioner was awarded and received a fee from both parties. Husband also asserts that the appointment of wife's counsel as special commissioner violated the Rules of Professional Responsibility.

In denoting where he preserved this issue for appellate review, husband references his "Objections to the Proposed Final Decree" and various written motions and a letter he filed with the trial court. None of those citations show husband ever brought his objections to the special commissioner before the trial court and obtained a ruling the issue. We will not comb through the record to correct deficiencies in husband's brief. Fitzgerald, 6 Va. App. at 56 n.7, 366 S.E.2d at 625 n.7; see also Rule 5A:20(c); Rule 5A:18. Because this question is unsupported by an appropriate citation to the record showing where it was considered and ruled upon by the trial

court, this question does not merit appellate consideration, and we dismiss it.  See Kane, 41

Va. App. at 370, 585 S.E.2d at 352; see also Rule 5A:20(c).

VII.  Recusal of Trial Judge

Husband argues the trial judge erred in not recusing herself when she appointed wife's

counsel as special commissioner, when she made rulings in disregard of husband's due process

rights, and when she abused her discretion.

Canon 3(C)(a) of the Canons of Judicial Conduct provides that "[a] judge shall disqualify

himself in any proceeding in which his impartiality might reasonably be questioned."

> The requirement of this Canon is clear; a judge must diligently avoid not only impropriety but a reasonable appearance of impropriety as well.  Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion.

Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996).  Moreover,

"[j]udges are presumed to be aware of the provisions of Canon 3 . . . ."  Id.  "[W]hether a trial

judge should recuse himself or herself is measured by whether he or she harbors 'such bias or

prejudice as would deny the defendant a fair trial,' and is a matter left to the reasonable

discretion of the trial court."  Welsh v. Commonwealth, 14 Va. App. 300, 315, 416 S.E.2d 451,

459-60 (1992) (citations omitted), aff'd on other grounds, 246 Va. 337, 437 S.E.2d 914 (1993).

The only information contained in the record on appeal with regard to husband's motion

to recuse is (a) his written motion which was based on his assertion that the trial court entered the

*pendente lite* order without jurisdiction in denial of his due process rights, and (b) the written

statement of facts which indicates husband's recusal motion was based solely on his assertion

that the trial judge entered *pendente lite* orders which were contrary to her own notes and,

therefore, cause for concern that she abused her discretion.

- 13 -

Taking those arguments into consideration, we find no abuse of discretion in the trial judge's decision not to recuse herself on the bases asserted by husband.  <u>See</u> <u>Davis</u>, 21 Va. App. at 590-91, 466 S.E.2d at 743 (noting it is within the trial judge's "sound discretion" to determine whether his or her "impartiality might reasonably be questioned").  Nothing in this record shows the trial judge harbored any bias or prejudice towards husband as would deny him a fair trial.

For these reasons, we summarily affirm the trial court's decision in part and dismiss it in part.

<u>Affirmed in part, dismissed in part.</u>