PRESENT: Hassell, C.J., Lacy, Keenan, Kinser, and Lemons, JJ., and Carrico and Compton, S.JJ.

COMMONWEALTH OF VIRGINIA

OPINION BY
v.  Record No. 031186            JUSTICE DONALD W. LEMONS
                                        January 16, 2004
KENNETH LAMONT JACKSON

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether a trial judge must recuse himself from presiding over a probation revocation hearing if he was the Commonwealth's Attorney for the jurisdiction at the time and place of the defendant's original criminal conviction.  The Court of Appeals held that recusal was mandatory under such circumstances.  Jackson v. Commonwealth, 40 Va. App. 343, 579 S.E.2d 375 (2003).  We disagree.

I.  Facts and Proceedings Below

In 1997, pursuant to a plea agreement, Kenneth Lamont Jackson pled guilty in the Circuit Court of the City of Norfolk to two counts of possession of cocaine with intent to distribute and was sentenced to 20 years in the penitentiary with 18 years suspended.  After his release from confinement, he was accused of violating the terms of his suspended sentence and ordered to show cause why the suspended sentence should not be revoked.

Judge Charles D. Griffith, Jr. was the presiding judge at Jackson's revocation hearing.  Counsel for Jackson requested Judge Griffith to recuse himself because he was the elected

Commonwealth's Attorney in Norfolk at the time Jackson was convicted of the offenses resulting in the suspended sentence. Judge Griffith took the oath of office as a judge of the Circuit Court of the City of Norfolk after the date of Jackson's original sentencing. Judge Griffith denied Jackson's motion, and after hearing the evidence found that Jackson had violated the terms of his suspended sentence. Judge Griffith revoked the previously suspended sentence.

Jackson appealed the judgment of the trial court alleging that Judge Griffith erred by failing to recuse himself from the case. Pursuant to Code § 17.1-402(D), the appeal was heard by the Court of Appeals, en banc "upon its own motion." The Court of Appeals reversed the judgment of the trial court citing concern for "maintaining the integrity of the judicial system." Jackson, 40 Va. App. at 347, 579 S.E.2d at 376-77. Holding that the probation revocation hearing "was a continuation of the proceedings of [Jackson's] underlying criminal conviction," id. at 347, 579 S.E.2d at 377 (internal quotation marks omitted), the Court of Appeals concluded that "Judge Griffith served as both the accuser at the original trial, and the trier-of-fact in the continuation of the same proceeding" and, therefore, had "abused his judicial discretion as a matter of law, in refusing to recuse himself in this matter." Id. at 348, 349, 579 S.E.2d

2

377, 378.  The Commonwealth appealed the judgment of the Court of Appeals.

## II.  Analysis

Jackson's basis for demanding Judge Griffith's recusal was Canon 3(E)(1)(b) of the Canons of Judicial Conduct for the State of Virginia.  This Canon states in pertinent part that a judge shall disqualify himself or herself if "[t]he judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter."  While the Canons may be helpful, the case law of the Commonwealth determines whether failure to recuse warrants reversal of a judgment.  A purported violation of the Canons alone is not enough to mandate reversal. See Welsh v. Commonwealth, 14 Va. App. 300, 317, 416 S.E.2d 451, 461 (1992); Davis v. Commonwealth, 21 Va. App. 587, 591, 466 S.E.2d 741, 743 (1996).

In Green v. Commonwealth, 263 Va. 191, 195-96, 557 S.E.2d 230, 233 (2002), we held that, in Virginia, while a probation revocation hearing is a criminal proceeding, it "is not a stage of a criminal prosecution."  See also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).  Our decision in Green overrules any implication to the contrary in Merritt v. Commonwealth, 32 Va. App. 506, 509, 528 S.E.2d 743, 744 (2000), and is controlling

3

over any dicta to the contrary in Grimsley v. Dodson, 696 F.2d 303, 305 (4th Cir. 1982).

Our holding in Green undercuts the primary basis for the judgment of the Court of Appeals, which was that "Judge Griffith served as both the accuser at the original trial, and the trier-of-fact in the continuation of the same proceeding." Jackson, 40 Va. App. at 348, 579 S.E.2d at 377. In fact, Judge Griffith was not the trier-of-fact at a continuation of the same proceeding. He was the trier-of-fact at a separate proceeding. We have not required a judge to recuse him or herself from a case merely because he or she has seen or had indirect knowledge of the defendant on a previous occasion, without a showing of bias or prejudice. See Deahl v. Winchester Dept. of Social Services, 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983); Davis, 21 Va. App. at 591, 466 S.E.2d at 743.

Jackson's argument would result in per se disqualification of any judge who had served as Commonwealth's Attorney in any matter involving individuals who had committed a crime or been prosecuted at the time that the judge was Commonwealth's Attorney without any indication of the judge's actual prior involvement in the case or other evidence of bias or prejudice. We have rejected, and continue to reject, such a per se rule. See Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981).

4

In a case such as this one, the party moving for recusal of a judge has the burden of proving the judge's bias or prejudice. Jackson has not met this burden.

In the absence of proof of actual bias, recusal is properly within the discretion of the trial judge.  See id. at 674, 283 S.E.2d at 908; Motley v. Virginia State Bar, 260 Va. 251, 262, 536 S.E.2d 101, 106 (2000).  In this case, Judge Griffith did not abuse his discretion.  The revocation proceeding, while criminal in nature, is not the same proceeding as the original trial or sentencing.  Additionally, there is no evidence that Judge Griffith treated Jackson in a biased or prejudicial manner at the revocation hearing.

Accordingly, the judgment of the Court of Appeals will be reversed, the case will be remanded to the Court of Appeals with direction that the Court of Appeals remand the case to the trial court, and the trial court's judgment shall be reinstated.

Reversed and remanded.