FRANK, J., concurring, in part, and with whom ELDER, J., joins, dissenting, in part.
I concur with the majority opinion that the evidence is sufficient to convict appellant. However, I believe the trial court erred in not recusing himself and I would reverse the convictions on that basis. Since I would reverse on the recusal issue, there is no need to address whether the trial court erred in the plea agreement ruling.
I concur with Judge Benton’s dissent, but we must further address Commonwealth v. Jackson, 267 Va. 226, 590 S.E.2d 518 (2004). I believe Jackson is clearly distinguishable on its facts. The trial judge that presided over Jackson’s revocation hearing was the elected Commonwealth’s Attorney at the time Jackson was convicted of the underlying offense that gave rise to the revocation proceedings. This was the sole basis for the motion for recusal. The Supreme Court held:
Jackson’s argument would result in per se disqualification of any judge who had served as Commonwealth’s Attorney in any matter involving individuals who had committed a crime or been prosecuted at the time that the judge was Commonwealth’s Attorney without any indication of the judge’s actual prior involvement in the case or other evidence of bias or prejudice. We have rejected, and continue to reject, such a per se rule. See Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981).
267 Va. at 229, 590 S.E.2d at 519.
There are no facts suggesting the trial court treated Jackson in a biased or prejudicial manner at the revocation hearing. The Supreme Court concluded, “[i]n the absence of proof of actual bias, recusal is properly within the discretion of the *459 trial judge.” Id. at 229, 590 S.E.2d at 520 (referencing Motley v. Virginia State Bar, 260 Va. 251, 262, 586 S.E.2d 101, 106 (2000)).
Jackson simply rejected a per se disqualification. It did not end appellate inquiry as to whether a trial court abused its discretion in not recusing itself.
Here, appellant proved actual bias and prejudice against him. As Judge Benton discussed in his dissent, the trial judge severely admonished appellant’s attorney for asking for a jury at the last moment. He barred counsel from receiving court appointments. When the judge learned that another judge was assigned the case, he actively solicited that the case be returned to his court. Then, at trial, when both the Commonwealth’s attorney and appellant’s counsel indicated they had reached a plea agreement, albeit not in writing, the judge refused to allow counsel to complete the agreement. At sentencing, the judge far exceeded the guidelines in sentencing appellant.
While each of these acts by the judge was not individually an abuse of discretion, the combined effect of these actions inescapably indicates an animus toward appellant and his counsel.
The trial judge indicated he harbored no prejudice against appellant, but his actions spoke otherwise. Jackson cannot be read to say that despite a clear indication of bias, the trial judge does not abuse his discretion in not recusing himself if he merely intones the magic words of fairness.
I agree with Judge Benton that appellant met his burden under Jackson.