# CIRCUIT COURT OF FAIRFAX COUNTY

Zoning Appeals Board
of Fairfax County

v.

Fairfax County
Board of Supervisors

December 20, 2006

Case No. 2006-0011777

BY JUDGE RANDY I. BELLOWS

The matter before the Court is the Complainant's Motion for Recusal of the entire Fairfax Circuit Court bench. The Complainant's sole basis for the requested recusal is Complainant's position that Fairfax County, through the Board of Supervisors, provides voluntary financial support to the Circuit Court. For the reasons stated below, the Complainant's Motion for Recusal is denied.

Canon 3(E)(1) of the Canons of Judicial Conduct states as follows: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. . . ." In determining whether a judge must recuse himself or herself, the Canons are instructive. However, it is "the case law of the Commonwealth [that] determines whether failure to recuse warrants reversal of a judgment. A purported violation of the Canons alone is not enough to mandate recusal." *Commonwealth v. Jackson*, 267 Va. 226, 229, 590 S.E.2d 518 (2004) (citations omitted). The BZA is not arguing that the members of this Court have an *actual* conflict. Rather, the BZA

argues that, since the Board of Supervisors provides voluntary financial support to the Circuit Court, the impartiality of the Court "might reasonably be questioned." Mot. for Recusal 3.

In considering a motion for recusal, "a judge must exercise reasonable discretion in determining whether he or she possesses such bias or prejudice that would deny a litigant a fair trial." *Wilson v. Commonwealth*, 272 Va. 19, 28, 630 S.E.2d 326 (2006). "In the absence of proof of actual bias, recusal is properly within the discretion of the trial judge." *Jackson* at 229 (2004). See also *Morris v. Commonwealth*, 2004 Va. App. LEXIS 185 (2004) ("Absent any showing of actual bias or prejudice by the trial judge in the record before us, we find no abuse of discretion in [the trial court] failing to recuse himself from presiding over the jury trial. . . .")

The BZA does not assert, nor is there any evidence to support, a claim of "actual bias or prejudice." Rather, the BZA asks this Court to exercise its discretion to recuse itself based on the claim that the impartiality of this Court "might reasonably be questioned." Mot. for Recusal 3. The Court finds the BZA's motion to be without merit. This Court's receipt of financial support from governmental entities, whether it be from Fairfax County or the Commonwealth of Virginia, does not create doubt as to the Court's impartiality. It will come as a surprise to no one to learn that the courts, as entities of government, are funded by the government. Nor is there anything remarkable in the fact that the same government that funds the court system will occasionally, or more than occasionally, appear as a litigant in court. This simply fails to raise a question of impartiality. If this were not the case, this Court would have to recuse itself from hundreds of cases involving the Board of Supervisors and, for that matter, from thousands of cases in which the Commonwealth appears as a party.

Moreover, there is no rational basis to distinguish the instant case from the myriad of other cases in this Court involving the Board of Supervisors. The BZA argues that the issues raised in the instant litigation involve "more than the *ad hoc*, transitory interests of the BZA and the Board that would be involved in the ordinary case in which the Board appealed an isolated land use decision by the BZA." Mot. for Recusal 1. The implication of this argument is that when the Court is presiding over a case involving the BZA's and Board of Supervisor's "*ad hoc*, transitory interests," its impartiality may not reasonably be questioned; however, where issues of greater moment are before the Court, the Court can no longer be considered impartial. This simply makes no sense. First, it is not at all apparent that this case presents issues more momentous than would be involved in connection with particular land use disputes, some of which are, of course, momentous in their own right. More importantly,

there is absolutely nothing to support the notion that this Court's impartiality goes down as the stakes go up.

Similarly, the Court fails to find merit in the Complainant's argument that the Board of Supervisors is different from the Commonwealth because the Board of Supervisors' financial support of the Court is "voluntary." The BZA states that the Board of Supervisors provides "millions of dollars to fund the court's operations." Mot. for Recusal 3. The BZA provides no additional explanation regarding these "millions of dollars;" nor does the BZA provide any additional detail as to why it characterizes the financial support as "voluntary." It appears to be that the BZA's theory that "voluntary" contributions, which theoretically could be withdrawn, make this Court more vulnerable to a claim of partiality. Even if there is a meaningful distinction between voluntary as opposed to mandated financial support, it is a distinction without a difference. Neither circumstance raises a question of partiality.

For the foregoing reasons, the BZA's motion for recusal is denied.