COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata


JOANN S. TROMZA

                                                              MEMORANDUM OPINION*
v.        Record No. 1184-12-4                                    PER CURIAM
                                                                 APRIL 23, 2013
ROBERT VOSSBURG


                          FROM THE CIRCUIT COURT OF WARREN COUNTY
                                   Dennis L. Hupp, Judge

                          (JoAnn S. Tromza, *pro se*, on brief).

                          No brief for appellee.


          JoAnn S. Tromza appeals an order approving the final distribution and accounting of the

transfer of the former marital residence.  Tromza argues that the trial court erred by (1) not finding

Robert Vossburg in contempt of court, awarding the former marital residence to Vossburg, and

approving a sale price of $200,000; (2) appointing Vossburg's attorney, David Silek, as the special

commissioner to transfer the property, allowing Vossburg to obtain a reverse mortgage, and

"committing fraudulent conveyance"; and (3) denying Tromza's motion for recusal, not allowing

Tromza to present her evidence and proffer, and awarding attorney's fees to Vossburg.[1]  Upon

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

          [1] Tromza includes numerous other arguments in her opening brief; however, pursuant to
Rule 5A:20(c), this Court considers only the issues listed in the assignments of error.  Therefore,
we will not consider the additional arguments Tromza lists in her brief.
          Tromza and Vossburg filed several motions.  The Court hereby denies Vossburg's
request for attorney's fees and motion to dismiss, which was previously held in abeyance
pursuant to the January 31, 2013 order.  Tromza's motions objecting to Vossburg's designation
of the appendix and request for additional time to submit a supplemental appendix are denied.

reviewing the record and appellant's brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Tromza and Vossburg married on November 16, 1987 and separated on or about April 20, 2008. They entered into a separation and property settlement agreement on June 8, 2010 (the Agreement). The Agreement was affirmed, ratified, and incorporated into the final decree of divorce, which was entered on June 8, 2010.

The Agreement included a provision in which the parties agreed to list and sell the former marital residence. The parties agreed that after payment of the closing costs, Tromza would receive $33,000, and the remaining proceeds would be divided equally. The parties further agreed that Vossburg would have exclusive possession of the home until it was sold.

The former marital residence did not sell at a mutually agreeable price. Tromza filed a motion for sanctions, and argued that Vossburg violated the terms of the Agreement. The trial court held a hearing on April 19, 2011. The trial court took the motion under advisement and ordered that Vossburg could purchase the home for $200,000. Tromza objected.

The parties appeared before the trial court again on July 11, 2011 because Vossburg argued that Tromza was not cooperating with the transfer of the property. The trial court entered an order appointing Vossburg's attorney, David Silek, Esquire, as special commissioner to "execute such documents on behalf of [Tromza] regarding the sale of the formal [sic] marital residence." The trial court further explained that the special commissioner was to pay off the balance on the deed of trust, pay the closing costs with the grantor's costs being divided equally

- 2 -

and Vossburg paying the grantee's costs, and pro-rate the real estate taxes with each party being equally responsible. The trial court ordered the proceeds to be held in Silek's trust account and for Silek to prepare and present a closing statement for the trial court's approval. Further, the trial court denied Tromza's previous motion for sanctions. Tromza objected to the order.

Vossburg finalized the sale of the former marital residence, and Silek prepared a final accounting. Tromza objected to the final accounting, and a hearing was held on March 12, 2012. The trial court approved the accounting with a few changes and ordered Silek to submit a check to the clerk of court, who would hold the check for Tromza. The trial court further awarded $2,750 to Vossburg for his attorney's fees because of Tromza's "contumacy, her rehashing issues previously resolved by the Court and her filing summary motions without good grounds."

On March 12, 2012, the trial court also heard Tromza's argument regarding her motions for recusal. She asserted that the trial court judge should recuse himself. After hearing her argument for approximately one and a half hours, the trial court denied her motion because she "had not shown good reason or cause for the recusal."

On June 8, 2012, the trial court entered the final order approving the final distribution and accounting. This appeal followed.

## ANALYSIS

### *Assignment of error #1 - Rule 5A:8*

Tromza argues that the trial court erred in not finding Vossburg guilty of contempt, awarding Vossburg the former marital residence, and determining that the purchase price would be $200,000. The trial court ruled on these issues at the April 19, 2011 hearing. There is no transcript or written statement of facts from the April 19, 2011 hearing. See Rule 5A:8(a) and (c). A transcript or written statement of facts is indispensable to a determination of Tromza's first assignment of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d

75, 76-77 (1992); <u>Turner v. Commonwealth</u>, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Therefore, the Court will not consider the first assignment of error.

*Assignment of error #2 – Special Commissioner*

Tromza argues that the trial court erred by appointing Silek as the special commissioner, allowing Vossburg to obtain a reverse mortgage, and "committing fraudulent conveyance."

On July 11, 2011, the trial court entered an order appointing Silek as "Special Commissioner for Sale pursuant to § 8.01-110 of the Code of Virginia, 1950 (as amended) and is given the authority to execute such documents on behalf of [Tromza] regarding the sale of the formal [sic] marital home." The order further detailed Silek's duties, including paying the balance of the deed of trust in full, dividing equally between the parties the grantor's closing costs and Vossburg paying all of the grantee's closing costs, and pro-rating the real estate taxes and dividing them equally. The trial court ordered Silek to deposit the remaining sale proceeds into his firm's trust account, submit a "closing statement" to the trial court, and place the matter on the court's docket for a hearing.

When Tromza asked the trial court why Silek was being appointed special commissioner, the trial court responded, "Because I don't think you will sign the Deed."

Code § 8.01-110 provides:

> A court in a suit wherein it is proper to decree the execution of any deed or writing may appoint a special commissioner to execute the same on behalf of any party in interest and such instrument shall be as valid as if executed by the party on whose behalf it is so executed.

Furthermore, Code § 20-107.3(K)(3) allows a trial court to "[a]ppoint a special commissioner to transfer any property under subsection C where a party refuses to comply with the order of the court to transfer such property."

- 4 -

Contrary to Tromza's arguments, the trial court had the authority to appoint Silek as the special commissioner and did not abuse its discretion in doing so. Silek provided the necessary accounting to the trial court and did not charge a fee.

Tromza also asserts that Vossburg obtained a reverse mortgage "illegally," which resulted in a "fraudulent conveyance." Based on the record before this Court, there is no evidence to support Tromza's arguments. As the trial court explained at the October 11, 2011 hearing,

> As far as the issue about the reverse mortgage, once he buys the property he can do with it what he wants and if he could resell the property for a profit then he is entitled to do that. The Hearing was held some time ago as to what the price would be. The agreement, Separation Agreement, called for, to list the property for a figure of $225,000 and, of course, it didn't sell and we ended up with a Hearing and I resolved that we would accept his offer to buy the property for $200,000 and that is what has happened.

As noted above, Tromza did not file a transcript or written statement of facts from the April 19, 2011 hearing at which the trial court ordered the purchase price to be $200,000. She also did not provide any legal authority to support her claim that there was a "fraudulent conveyance." Rule 5A:20(e).

Accordingly, the trial court did not err in appointing Silek as the special commissioner and accepting his final accounting, as there was no evidence of a "fraudulent conveyance."

*Assignment of error #3 – Motion for Recusal*

Tromza argues that the trial court erred by denying her motion for recusal, interrupting her argument and proffer, and awarding attorney's fees to Vossburg.

Tromza contends the trial court acted improperly with several of its rulings. She disagreed with numerous rulings made by the trial court in favor of Vossburg. However, as the trial court noted, "To the extent the Court has ruled against you that does not mean the Court is

biased or prejudiced or violating any kind of law or legal principle or ethical code or anything else."

> "[I]in making the recusal decision, the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained." Wilson v. Commonwealth, 272 Va. 19, 28, 630 S.E.2d 326, 331 (2006) (internal quotation marks and citation omitted). The burden of proving a judge's bias or prejudice lies with the party seeking recusal. Commonwealth v. Jackson, 267 Va. 226, 229, 590 S.E.2d 518, 519-20 (2004). We employ an abuse-of-discretion standard to review recusal decisions. Wilson, 272 Va. at 28, 630 S.E.2d at 331.

Prieto v. Commonwealth, 283 Va. 149, 163, 721 S.E.2d 484, 493 (2012).

Tromza presented no evidence of the judge's bias or prejudice. The fact that the trial court ruled against her does not mean that the judge was biased and should be recused. Accordingly, the trial court did not abuse its discretion in denying her motion for recusal.

Tromza also argues that she did not have time to present her argument or proffer to the trial court. However, the trial court allowed her to present her argument for approximately one and one half hours on March 12, 2012. Tromza, though, used that time to "rehash[] the evidence that has already been presented and . . . [told the trial court that it] made the wrong decision." There is no evidence that Tromza did not have an opportunity to present her argument to the trial court.

Furthermore, Tromza contends the trial court abused its discretion in awarding attorney's fees to Vossburg. The trial court awarded $2,750 to Vossburg for his attorney's fees because of Tromza's "contumacy, her rehashing issues previously resolved by the Court and her filing summary motions without good grounds."

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30

Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Considering the circumstances of the case, the trial court did not abuse its discretion in awarding attorney's fees to Vossburg.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.