UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Malveaux and Senior Judge Haley
Argued at Fredericksburg, Virginia


JIMMY R. WEATHERHOLT, JR.

                                              MEMORANDUM OPINION* BY
v.        Record No. 1797-17-4                JUDGE JAMES W. HALEY, JR.
                                              DECEMBER 26, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Alexander R. Iden, Judge

William B. Ashwell (Mark B. Williams & Associates, PLC, on
brief), for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General; Victoria Johnson, Assistant Attorney General, on
brief), for appellee.


Jimmy R. Weatherholt, Jr. ("appellant") was convicted of conspiracy to distribute

Oxycodone and distribution of Oxycodone, third or subsequent offense.  Appellant's

assignments of error, as granted, read as follows:

> I.  The circuit court violated Mr. Weatherholt's sixth and
> fourteenth amendment right to counsel and due process by failing
> to appoint standby counsel, requiring he appear without counsel
> during the pendency of the instant charges, and by failing to set
> aside the verdicts rendered against him due to the multiple
> suspensions of trial counsel's law license.
>
> II.  The circuit court violated Mr. Weatherholt's right to
> due process and a fair trial and abused its discretion by the trial

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

judge's failure to recuse himself from presiding over the instant matter due to violations of the canons of judicial conduct.[1]

We disagree and affirm.[2]

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." Gerald v. Commonwealth, 295 Va. 469, 472 (2018) (quoting Scott v. Commonwealth, 292 Va. 380, 381 (2016)). Appellant was indicted on November 10, 2016. On February 14, 2017, the parties appeared in the trial court for scheduling. Appellant appeared with his trial counsel, Shelly Collette. The trial court entered a discovery order and continued the case to March 10, 2017, for entry of a plea or setting of trial date. Nothing further occurred during the proceeding. On March 10, 2017, the trial court continued the case to March 17, 2017 for a bail determination. On March 17, 2017, the trial court heard testimony from Dr. Robert Strauss regarding appellant's pending surgery for sleep apnea. The trial court denied the motion for bail, citing appellant's criminal history and the severity of the charges. The court scheduled the case for a jury trial on April 27, 2017.

Upon learning that Collette's law license had been suspended by the Bar, the Commonwealth placed the matter on the trial court's docket on April 21, 2017, to determine how appellant wished to proceed. Appellant appeared without counsel. The trial court explained that Collette was "currently not in good standing with the Bar" but that she had informed the trial

---

[1] Unless leave of court is granted, "[i]t is impermissible for an appellant to change the wording of an assignment of error." White v. Commonwealth, 267 Va. 96, 103 (2004). Accordingly, as appellant did not receive leave of Court to change the wording of the granted assignments of error, we consider only the wording of the assignments of error that were granted by this Court at the petition for appeal stage of the proceedings.

[2] We deny appellant's "Motion for Reconsideration on Appointment of Court-Appointed Counsel by Leave of the Court."

court clerk that "everything is about resolved and if it is not resolved it will be resolved Monday." The trial court inquired of appellant if he wanted to proceed with his trial the following Thursday, April 27, 2017, in the event Collette was reinstated by that time, as expected. Indicating that he "want[ed] to get it over with," appellant affirmed that he wished to proceed with his trial as scheduled with Collette as his counsel. On April 27, 2017, due to "the insufficiency of the number of the jury panel," the trial court continued the case to May 10, 2017. The record reveals that during the pendency of appellant's case, Collette's license was suspended for two brief periods – from February 12, 2017 until February 24, 2017, and again from April 12, 2017 until April 21, 2017. The two suspensions were based solely on Collette's failure to comply with a subpoena duces tecum issued by the Bar. Both suspensions were lifted upon Collette's compliance with the subpoenas.

ANALYSIS

I.

Appellant argues that because of the suspensions, Collette "materially limited her own ability to prepare for trial and thereby prejudiced [appellant's] due process right to be adequately represented by counsel and for a fair trial." Appellant also asserts that he did not receive effective assistance of counsel because of Collette's suspensions during the pendency of his case. He contends that "[t]he instant matter differs from a plain claim for ineffective assistance of counsel" and "instead stands for the proposition that during crucial proceedings in the prosecution against [him], he was wholly without counsel." Finally, he argues that the trial court "failed to obtain a waiver from [appellant] of counsel and additionally failed to appoint standby court appointed counsel."

The issue of whether appellant was denied his right to counsel during the proceedings is a constitutional question that we review *de novo*. See Huguely v. Commonwealth, 63 Va. App.

- 3 -

92, 105 n.9 (2014) ("Although the right to counsel 'is not explicitly set out in the Constitution of Virginia,' the Supreme Court of Virginia has 'held that it is nonetheless a fundamental right guaranteed to an accused by the Bill of Rights of the Constitution of Virginia.'" (quoting Thomas v. Commonwealth, 260 Va. 553, 558 n.2 (2000))). "The Sixth Amendment to the United States Constitution provides: 'In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" Spence v. Commonwealth, 60 Va. App. 355, 369-70 (2012) (quoting U.S. Const. amend. VI). "[O]nce the adversary judicial process has been initiated, . . . a defendant [is guaranteed] the right to have counsel present at all 'critical' stages of the criminal proceedings." Montejo v. Louisiana, 556 U.S. 778, 786 (2009).

During the November 3, 2017 hearing on appellant's motion to set aside the verdict, the trial court observed that the purpose of the dialogue with appellant on April 21, 2017, "was simply to make sure that [appellant] was informed with regard to the situation with his counsel and to inquire of him what he wished to do in terms of counsel at that point. It was clear to the [c]ourt that he wanted Ms. Collette to continue as his counsel." In denying appellant's motion, the trial court found that appellant "was represented by licensed counsel at every critical stage of the proceeding."

> While there is no "comprehensive and final one-line definition of 'critical stage,'" Van v. Jones, 475 F.3d 292, 312 (6th Cir. 2007), the analysis usually turns on the likelihood of "substantial prejudice to defendant's rights" during the "particular confrontation" and "the ability of counsel to help avoid that prejudice," United States v. Wade, 388 U.S. 218, 227 (1967).

Director v. Kozich, 290 Va. 502, 512-13 (2015). Examples of critical stages may include a police lineup, United States v. Wade, 388 U.S. 218 (1967), a preliminary hearing, Coleman v. Alabama, 399 U.S. 1 (1970), a pleading stage, Rice v. Olsen, 324 U.S. 786 (1945), sentencing, Townsend v. Burke, 334 U.S. 736 (1948), or appeal, Douglas v. California, 372 U.S. 353 (1963).

At the February 14, 2017 hearing, appellant appeared with his counsel, even though her license was at that time suspended. The trial court entered a discovery order and continued the case for further proceedings. No other matters were addressed, and the entry of the discovery order and the continuation of the matter was not a critical stage of the proceeding. At the April 21, 2017 hearing, appellant, after being informed that his counsel's license had been suspended temporarily, specifically chose to proceed with his trial as scheduled if his counsel's suspension was lifted as expected. Because appellant's substantial rights were not affected during the brief periods of his counsel's suspension, and appellant made clear his desire to proceed to trial as scheduled knowing that his counsel's license had been suspended, we find no error with the trial court's conclusion that appellant was represented by competent counsel during all critical stages of the proceedings. As appellant was represented by counsel at all critical stages, we find no error with the trial court's decision not to appoint standby counsel, *sua sponte*. The trial court determined that appellant knowingly chose to proceed with his retained counsel in spite of her suspensions. The record supports the trial court's denial of appellant's motion to set aside the verdict "based on the conduct of trial counsel."

Appellant's assertion that the suspensions "directly impacted counsel's ability to adequately prepare for trial," is nothing more than a claim that he received ineffective assistance of counsel. As appellant acknowledges, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." Lenz v. Commonwealth, 261 Va. 451, 460 (2001). See also 1990 Va. Acts, ch. 74 (repealing Code § 19.2-317.1).

## II.

Appellant contends that "the trial judge abused his discretion in failing to recuse himself in the bench trial, which led to [appellant's] convictions, due to independent knowledge of

evidentiary facts concerning the proceeding and the judge's past involvement with the subject confidential informant Mr. Shull."

Informant Billy Schull worked with Sergeant Sean Foster and Investigator Stephen Kahle in a controlled drug purchase from appellant. Shull was equipped with a covert camera in order to record the transaction. The trial court viewed the video recording and Shull's interaction with appellant. Shull had arranged to purchase five pills of Oxycodone. After meeting with appellant, Shull returned to the police vehicle with five blue pills, which testing confirmed were Oxycodone. Noting the importance of Shull's credibility to prove appellant committed the offenses, the trial court found that the totality of the evidence presented at trial demonstrated appellant's guilt.

After trial, appellant filed a motion to dismiss, arguing that the trial judge had a conflict of interest and should have recused himself. The trial court heard argument on the motion on August 11, 2017. At that time, the trial judge acknowledged that he had "served as Winchester's Commonwealth's Attorney from January 1st of 2002 until July 31st of 2015." Appellant indicates that the trial judge, while Commonwealth's Attorney for the City of Winchester "prosecuted the confidential informant, Mr. Shull, on multiple occasions." He states that Shull had been used as a confidential informant "over a period of no less than four years," overlapping with the trial judge's tenure as Winchester's Commonwealth's Attorney. Appellant asserts that "the trial judge's history as a government attorney, engaging the same confidential informant used during his tenure as Commonwealth's Attorney, impacts his ability to neutrally assess the credibility of the same informant in a proceeding in which he now sits as a neutral fact finder."

Appellant also notes that the trial judge presided over a separate matter in which Shull entered guilty pleas in a different jurisdiction. At appellant's trial, Investigator Kahle testified that he informed the Clarke County Commonwealth's Attorney that Shull was cooperating with

Frederick County law enforcement, but indicated Shull had not received any consideration for his cooperation. Shull faced charges in Clarke County involving forgery of a public document, identity theft, providing false identification to law enforcement, and driving with a revoked license. Appellant asserts that "the mere fact that the judge presided over those same Clarke County charges is contrary to the Canon 3(E)(1) and the trial judge's failure to recuse himself or set aside the verdict delivered at the bench trial was an abuse of discretion that must be reversed."

According to Canon 3(A) of the Canons of Judicial Conduct, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ." "[I]n making the recusal decision, the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained." Prieto v. Commonwealth, 283 Va. 149, 163 (2012) (quoting Wilson v. Commonwealth, 272 Va. 19, 28 (2006)). "Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion." Davis v. Commonwealth, 21 Va. App. 587, 591 (1996). "A purported violation of the Canons alone is not enough to mandate recusal." Commonwealth v. Jackson, 267 Va. 226, 229 (2004). Rather, the party moving for recusal "has the burden of proving the judge's bias or prejudice." Id. at 229. And, "[i]n the absence of proof of actual bias, recusal is properly within the discretion of the trial judge." Id. at 229. "We employ an abuse-of-discretion standard to review recusal decisions." Prieto, 283 Va. at 163.

Here, the trial court specifically noted that "the [c]ourt did not import evidence or facts from another jurisdiction or another matter into this case" and that "there is nothing in the Clarke County matter that in any way impaired the [c]ourt's impartiality to hear this matter." Further, "[w]ith regard to having previously prosecuted Mr. Shull in the City of Winchester in 2013, the

[c]ourt did not become aware or was not reminded, in this case, until" after appellant's trial was complete. The trial judge emphasized that even if he had known he had "previously prosecuted Mr. Shull or had in any way been involved in his plea agreement, the [c]ourt finds that that would not impair the [c]ourt's impartiality with regard to the matter." The trial court denied appellant's motion to dismiss.

Here, appellant failed to demonstrate any actual bias or prejudice. The trial judge determined that he was not impacted by the former interactions with the witness and had impartially presided over appellant's trial. The trial judge had no recollection of having prosecuted the witness. Appellant does not make a claim of bias beyond the judge's prior dealings with the witness. Nothing in the record suggests that the judge abused his discretion in denying the motion to dismiss due to a conflict of interest.

Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>