UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Raphael

OKSANA MARINARO

MEMORANDUM OPINION[*]
v.      Record No. 1266-23-2          PER CURIAM
OCTOBER 29, 2024

BARNES & DIEHL, P.C.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven B. Novey, Judge

(Oksana Marinaro, on briefs), *pro se.*

(Jeffrey H. Geiger; Brian P. Clarke; Sands Anderson, PC, on brief),
for appellee.

Oksana Marinaro appeals the trial court's judgment awarding Barnes & Diehl, P.C.,

unpaid attorney fees for appellate work in connection with Marinaro's divorce proceedings.

Although she raises 11 assignments of error, we find the appeal to be "wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We therefore dispense with oral argument and affirm the

judgment.

BACKGROUND

On appeal "we view the evidence in the light most favorable to the prevailing party,

granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377

(2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Barnes & Diehl was the

prevailing party here.

Barnes & Diehl is a law firm in Chesterfield County. Marinaro retained the firm to

represent her in an appeal related to her divorce proceedings. Barnes & Diehl submitted regular

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

bills for the firm's work in an amount totaling $41,525.53. After Marinaro failed to pay $18,225.53, Barnes & Diehl sued Marinaro in the Chesterfield County General District Court. The court awarded the firm $17,816.72, plus interest. Marinaro appealed to the circuit court.

In April 2022, an employee of the circuit court emailed the parties to confirm that they had agreed to a bench trial on December 12, 2022. After the court discovered a scheduling conflict, the employee again emailed the parties in June 2022, asking whether they were "requesting one or two days for this jury trial." Marinaro responded that she "checked the on-line case information [and] there [was] no information about the jury trial." Marinaro wrote that if Barnes & Diehl "want[ed] to request the jury trial, then it ha[d] to be done properly as well as the proper procedure for selecting the jury must be followed." Marinaro asked the trial-court employee to "let [her] know whether it [was a] mistake or [if she would] have to come to select the jury." The employee later contacted the parties and confirmed that a two-hour bench trial was set for January 25, 2023.

On July 8, 2022, the trial court entered a pretrial order setting the matter for a bench trial on January 25, 2023. The order set the discovery deadline 30 days before trial. It also required the parties to disclose their experts 30 days before the discovery cut-off. The discovery order further provided that "[n]ot later than ten (10) days before trial (January 15, 2023), counsel shall serve on other counsel a list of witnesses expected to be called and a list of exhibits intended to be introduced." The order expressly warned that "[f]ailure to comply with any provisions of this [o]rder by any party may result in limitation or exclusion of evidence, and/or claims."

On December 20, 2022, Marinaro filed multiple pleadings, including a demand for a jury trial. She asked the court to take judicial notice of several documents from her divorce proceedings, attaching the documents to her filing. Marinaro also moved to transfer the case to the Circuit Court for the City of Virginia Beach. She filed a document styled "recoupment

pleadings and pleadings in equity." The pleading claimed that Barnes & Diehl's fees were excessive and unreasonable and that Barnes & Diehl's negligence had caused her emotional distress. Marinaro also claimed that Barnes & Diehl had violated the Virginia Consumer Protection Act ("VCPA") by adding finance charges to its billings. Barnes & Diehl moved to dismiss Marinaro's recoupment pleadings and again asked the trial court to deny the jury-trial demand as untimely.

At the motions hearing that followed, Barnes & Diehl acknowledged that the trial-court employee originally made a "clerical error" by referencing a jury trial in the scheduling email. But it argued that Marinaro had waived her right to a jury trial by failing to make a timely demand. The trial court agreed and struck Marinaro's request for a jury trial.

The trial court treated Marinaro's "recoupment pleadings" as "proper counterclaims," ordering Barnes & Diehl to file an answer. The court denied Marinaro's motion for a change of venue and ordered the parties to appear for a bench trial on April 12, 2023. The July 8, 2022 pretrial order remained in effect, except that "[a]ll witness and exhibit lists by either party shall be deemed timely filed if filed on or before January 17, 2023." The trial court also ordered that any exhibit and witness lists regarding Marinaro's counterclaims be filed by March 31, 2023. Marinaro objected to the trial court's order, as well as the later denial of her motion to reconsider.

Barnes & Diehl timely filed its witness and exhibit lists. It identified David DeFazio, Esq., as an expert witness. Marinaro objected to DeFazio, contending "there [were] no facts that are not within common knowledge of this [trial court]," and "the expert may not testify whether [Barnes & Diehl's] bills [were] reasonable." Marinaro's witness list identified only Tamara Shcherban, a Ukrainian interpreter. Marinaro did not file an exhibit list.

- 3 -

Before trial, Barnes & Diehl objected to any additional exhibits or witnesses that Marinaro might tender and moved *in limine* to preclude Marinaro from introducing evidence not identified in accordance with the pretrial order. Marinaro responded that she had attached exhibits to her recoupment pleadings and that she had asked the trial court to take judicial notice of those documents.

Barnes & Diehl also moved for summary judgment on Marinaro's counterclaims. Marinaro opposed the motion and sought leave to file amended counterclaims that included counts for unreasonable attorney fees, breach of contract, and legal malpractice. Marinaro alleged that Barnes & Diehl violated the VCPA by withdrawing an assignment of error in the underlying divorce appeal and by requesting interest and collection costs. Marinaro's motion demanded a jury trial on all issues.

At a motions hearing, the trial court denied Marinaro's counterclaim for emotional distress, holding that damages for emotional distress cannot be awarded in a legal-malpractice action. The court also rejected Marinaro's counterclaim under the VCPA, holding that "legal representation within the scope of representation is not governed" by that law. The trial court struck Marinaro's counterclaim for unreasonable attorney fees because, without expert testimony, the court would have to "guess or use speculation" to determine the amount of work required on Marinaro's divorce appeal. Finally, the trial court denied Marinaro's counterclaim for breach of contract and legal malpractice, ruling that it could not evaluate the adequacy of Barnes & Diehl's professional judgment without expert testimony.

By a written order, the trial court granted Marinaro's motion to substitute the amended counterclaims for the recoupment pleadings. The court then granted summary judgment to Barnes & Diehl and dismissed Marinaro's counterclaims with prejudice. The court continued Barnes & Diehl's claims against Marinaro and the motion *in limine*.

Marinaro then filed a "Motion for Recusal of this Court, for Trial by Jury, and to Change to Proper Venue." Marinaro also filed several other motions, including a "Motion to Set Aside or to Amend Summary Judgement," an amended motion to set aside or amend summary judgment, and a motion to dismiss Barnes & Diehl's motion *in limine*. Marinaro filed yet another demand for a jury trial, and she again moved for the trial judge's recusal and a change of venue. The trial court denied all those motions.

At the bench trial, DeFazio was qualified as an expert in family law and the reasonableness of attorney fees. DeFazio had reviewed Barnes & Diehl's work on Marinaro's divorce case and the bills that the firm sent her. DeFazio testified that the legal fees were reasonable. The trial court granted Barnes & Diehl's motion *in limine*, excluding Marinaro from putting on any exhibits not on her exhibit list.

The trial court entered judgment for Barnes & Diehl for $17,615.72, plus interest. Marinaro moved for reconsideration. She claimed that the trial court was biased against her and that Barnes & Diehl had "overcharged" in the divorce proceedings and had engaged in "hybrid representation" in the current case. The trial court denied that motion. Marinaro noted a timely appeal.

ANALYSIS

*I. Motion to Recuse (Assignment of Error 1)*

"In considering a motion for recusal, a judge must exercise reasonable discretion in determining whether he or she possesses such bias or prejudice that would deny a litigant a fair trial." *Wilson v. Commonwealth*, 272 Va. 19, 28 (2006). We review recusal decisions for an abuse of discretion. *Prieto v. Commonwealth*, 283 Va. 149, 163 (2012). "[T]he party moving for recusal of a judge has the burden of proving the judge's bias or prejudice." *Commonwealth*

- 5 -

*v. Jackson*, 267 Va. 226, 229 (2004).  Absent "proof of actual bias, recusal is properly within the discretion of the trial judge."  *Id.*

Marinaro argues that the trial judge was required to recuse himself because of his alleged bias against her.  Marinaro claims that the trial court did not know the standard of care for a family-law attorney.  She adds that the trial court overruled her objection to Barnes & Diehl's expert witness on the reasonableness of attorney fees and denied her demand for a jury trial.

The record does not support Marinaro's accusations of bias.  In fact, Marinaro presents no evidence of the trial court's bias or prejudice.  Marinaro points only to several unfavorable rulings against her.  But unfavorable rulings alone do not show that the judge was biased.  *See, e.g.*, *Piatt v. Piatt*, 27 Va. App. 426, 441 (1998) (holding that the trial court's evidentiary rulings adverse to wife, without more, did not suggest the judge was biased against her); *Stevens v. Commonwealth*, 8 Va. App. 117, 123 (1989) (finding no bias when the trial court overruled 36 of 38 defense objections).  Thus, we find no basis to show that the trial judge abused his discretion in denying Marinaro's recusal motion.

### II.  Demand for Jury Trial (Assignment of Error 2)

Marinaro argues that the trial court erred in denying her demand for a jury trial.  A party may demand a jury trial in the complaint, or by "serving upon other parties a demand . . . in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to the issue."  Rule 3:21(b).  "Absent leave of court for good cause shown, the failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."  Rule 3:21(d).  Like statutory interpretation, interpretation of the Rules is a question of law that we review de novo.  *N. Va. Real Est., Inc. v. Martins*, 283 Va. 86, 102-03 (2012).

We see no error in the trial court's determination that Marinaro waived her right to demand a jury trial. In an email to the trial court about scheduling the trial, Marinaro acknowledged that the matter was set for a bench trial. After Barnes & Diehl also confirmed that the parties had agreed to a bench trial, Marinaro did not object. And Marinaro's January 2022 notice-of-appeal form stated that she had to "[p]romptly communicate with the clerk of the [trial] court" if she wished to request a jury trial. But Marinaro did not request a jury trial until almost a year later, in December 2022. Marinaro again requested a jury trial in her amended counterclaims in April 2023. But "[l]eave to file amended pleadings will not extend the time for serving and filing a jury demand unless the order granting leave to amend expressly so states." Rule 3:21(b). Because the trial court did not extend the time for Marinaro to demand a jury trial, the court did not abuse its discretion in ruling that her jury demand came too late.

### III. Hybrid Representation (Assignment of Error 3)

Marinaro next argues that the trial court should have denied Barnes & Diehl's motion *in limine* because the motion was filed by an attorney from that firm who did not later appear as trial counsel in the case. She calls that improper "hybrid representation."

We disagree. To be sure, a party may not file pleadings *pro se* when that party is also represented by counsel of record in the case. *See Hammer v. Commonwealth*, 74 Va. App. 225, 242 (2022). We said in that context that "a court need not permit '"hybrid"' representation." *Id.* (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 503 (2005)). But Barnes & Diehl here was not a natural person who filed the motion *in limine pro se*. Barnes & Diehl was represented by a lawyer from that firm who was admitted to the Virginia State Bar. *See* Code § 8.01-271.1(A) ("[E]very pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member in good standing of the Virginia State Bar . . . ."); Rule 1:4(l) ("Every pleading, motion or other paper served or filed

- 7 -

must contain at the foot the Virginia State Bar number, office address and telephone number of the counsel of record submitting it . . . ."). Later, outside counsel also entered an appearance on behalf of the firm. But doing so did not invalidate the motion *in limine* or convert it into a *pro se* pleading. As the motion *in limine* was signed by a member of the Virginia State Bar, it was properly before the trial court.

### IV. Motion in Limine (Assignment of Error 4)

Marinaro argues that the trial court erred by granting Barnes & Diehl's motion *in limine* and by failing to take judicial notice of the documents from the underlying divorce proceeding. "Appellate courts review a circuit court's ruling on the admissibility of evidence under an abuse of discretion standard." *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Galiotos v. Galiotos*, 300 Va. 1, 11 (2021) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

The trial court properly granted Barnes & Diehl's motion *in limine* because Marinaro had failed to identify her trial exhibits in accordance with the scheduling order. The pretrial order required Marinaro to serve opposing counsel with a list of witnesses and exhibits she intended to introduce at trial. Marinaro filed a witness list (though she identified only a single witness). But she did not file or serve an exhibit list. Because Marinaro failed to comply with the trial court's pretrial order, the trial court did not abuse its discretion in granting Barnes & Diehl's motion *in limine* to exclude any trial exhibits not previously identified.[1]

---

[1] Marinaro also argues that the trial court could have taken judicial notice of the documents under Code § 8.01-389. But the power of a court to take judicial notice is not a license for a party to ignore a pretrial scheduling order directing the party to identify its trial exhibits before trial. And in any case, the record here does not show that the documents for which Marinaro sought judicial notice were "certified by the clerk of the court where preserved to be a true record." Code § 8.01-389(A).

*V. Summary Judgment (Assignments of Error 5, 6, 7, 8, and 10)*

"We review the trial court's grant of summary judgment de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020). A moving party is entitled to summary judgment if it can "demonstrate that no 'material' facts are 'genuinely in dispute.'" *AlBritton v. Commonwealth*, 299 Va. 392, 403 (2021) (quoting Rule 3:20). "It follows that immaterial facts genuinely in dispute or material facts not genuinely in dispute do not preclude the entry of summary judgment." *Id.*

Marinaro challenges the trial court's order granting Barnes & Diehl summary judgment on her amended counterclaims because Marinaro could not put forward a testifying expert. The trial court held that determining the amount of work required for Marinaro's divorce appeal without an expert witness would require the court to speculate. The court also held that it could not assess Barnes & Diehl's exercise of professional judgment in its representation of Marinaro without expert testimony.

We see no abuse of discretion in that ruling. "Generally, expert testimony is required to establish the standard of care in 'highly technical professions . . . unless the matters pertaining to the duty and the breach are obvious "from ordinary human knowledge and experience."'" *Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Cap. Corp.*, 249 Va. 426, 433 (1995) (alteration in original) (quoting *Nelson v. Commonwealth*, 235 Va. 228, 236 (1988)). The trial court did not abuse its discretion in finding that Marinaro's claims would require the fact-finder to determine the standard of care for appellate litigation in a domestic-relations matter, a topic beyond the realm of "ordinary human knowledge and experience."[2] *Id.*

We disagree with Marinaro's claim that the trial court erred in granting summary judgment because "[t]here were material facts genuinely in dispute." Marinaro's brief merely

---

[2] Because Marinaro failed to designate an attorney-fee expert, we also do not reach her challenge to the amount of fees awarded.

lists the counts of her counterclaims and labels them "factual" questions. Marinaro failed to identify any facts in dispute or show how they were material to her claims.

Finally, Marinaro challenges the trial court's grant of summary judgment on her VCPA claim. Marinaro argues that Barnes & Diehl violated the VCPA by withdrawing assignments of error in her divorce appeal and by charging what she characterizes as excessive fees. She alleges that Barnes & Diehl "voluntary and knowingly filed those assignments of error" and then withdrew them without her permission.

The VCPA's purpose is "to promote fair and ethical standards of dealings between suppliers and the consuming public." Code § 59.1-197. The VCPA prohibits certain "fraudulent acts or practices committed by a supplier in connection with a consumer transaction," including the use of "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Code § 59.1-200(A)(14). A consumer transaction includes "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes." Code § 59.1-198.

Here, the trial court dismissed the VCPA count after holding that claims for legal services are not cognizable under the act. Barnes & Diehl defends that ruling and also urges affirmance on an alternative ground. Barnes & Diehl argues that, even assuming the VCPA applies, Marinaro failed to plead that it misrepresented anything. We do not reach the first ground because we agree on the second one. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

Marinaro failed to allege any misrepresentation that Barnes & Diehl made to her in connection with its decision to withdraw an assignment of error. She also offered no evidence in

the trial court supporting her claim that Barnes & Diehl fraudulently charged excessive fees or finance charges. Thus, even if the VCPA applied, she could not prevail.

### VI. *Expert Testimony (Assignment of Error 9)*

"The admission of expert testimony is a matter within the sound discretion of the trial court, and we will reverse the trial court's judgment only when the court has abused this discretion." *Toraish v. Lee*, 293 Va. 262, 268 (2017) (quoting *Keesee v. Donigan*, 259 Va. 157, 161 (2000)). Marinaro argues that the trial court erred in admitting DeFazio's expert testimony about the reasonableness of Barnes & Diehl's fees. She does not challenge DeFazio's qualification as an expert witness, nor did she at trial. Rather, she argues that his opinion went to the ultimate issue and included "no explanation or compilation of fees."

After qualifying as an expert, DeFazio testified that he reviewed the firm's files and bills, that the firm's work was "necessary," and that the firm's legal fees were "reasonable." Marinaro had the opportunity to cross-examine DeFazio about the basis for his opinion, but she elected not to. A challenge to an expert's conclusions based on "weaknesses in his testimony" does not render the opinion inadmissible; it goes to the weight of the evidence. *Tarmac Mid-Atlantic v. Smiley Block Co.*, 250 Va. 161, 167 (1995). Nor was DeFazio's testimony objectionable on the ground that it went to the ultimate issue of the reasonableness of the firm's legal fees. *See* Code § 8.01-401.3(B) ("No expert or lay witness while testifying in a civil proceeding shall be prohibited from expressing an otherwise admissible opinion or conclusion as to any matter of fact solely because that fact is the ultimate issue or critical to the resolution of the case."). Thus, we see no abuse of discretion by the trial court in allowing DeFazio to testify or in crediting his testimony.

*VII. Venue (Assignment of Error 11)*

Marinaro argues that the trial court erred in denying her motion to transfer venue to a different jurisdiction. "'An objection to venue is addressed to the sound discretion of the trial court' and the court's decision 'will not be reversed on appeal unless the record affirmatively reflects an abuse of discretion.'" *RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A.*, 297 Va. 327, 341 (2019) (quoting *Meyer v. Brown*, 256 Va. 53, 56-57 (1998)).

Venue was proper in Chesterfield County. Code § 8.01-262(4) provides that a permissible venue is "[w]herein the cause of action, or any part thereof, arose." Barnes & Diehl's principal office is in Chesterfield County. Moreover, a Barnes & Diehl attorney testified that Marinaro came to the Chesterfield County office and retained the firm to represent her in her divorce appeal. In contract cases, the cause of action arises where the contract is made or where any breach takes place. *See Big Seam Coal Corp. v. Atl. Coast Line R.R. Co.*, 196 Va. 590, 593 (1955). Thus, Chesterfield County was a permissible venue, and the trial court did not abuse its discretion in denying Marinaro's motion to change venue.[3]

CONCLUSION

Having reviewed all of Marinaro's assignments of error, we find no basis to disturb the trial court's judgment.

*Affirmed.*

---

[3] Having determined that none of Marinaro's assignments of error warrants reversal, we also deny her request to award her costs for the appeal.